Crim *v.* Fitch.

---

# CRIM *v.* FITCH.

STATUTE OF FRAUDS.—*Debt of Another.*—A verbal contract between A. and B. for the payment by the former of an indebtedness of the latter to C. is not within the statute of frauds; and where B. has afterwards been compelled to pay said indebtedness, he may maintain an action on said contract against A.

From the Lawrence Circuit Court.

*Wilson & Dunn* and *Putnam & Friedley*, for appellant.

*W. H. Edwards* and *N. Crooke*, for appellee.

BIDDLE, J.—James M. Fitch was the owner of a threshing machine, which he had purchased from Aultman and

Taylor, to whom he yet owed a balance due for the machine, upon which Aultman and Taylor held a mortgage to secure the debt. Fitch sold the machine to Joshua Crim. The consideration of the sale was, that Crim should pay Fitch twenty-five dollars, and pay Aultman and Taylor the balance due on the machine from Fitch to them. Crim paid the twenty-five dollars to Fitch, received the machine, and afterwards sold it to a third party, but failed to pay any part of the debt due from Fitch to Aultman and Taylor for the original purchase of the machine. Aultman and Taylor sued Fitch and collected the debt which Crim had agreed with Fitch to pay them for him as a part of the consideration for the purchase of the machine by Crim from Fitch. The agreement between Fitch and Crim was not in writing. Such is the substantial statement of the case by the appellant. The action is founded upon the above state of facts. We do not state the pleadings of the parties, nor the proceedings of the court. Suffice it to say, that the appellee recovered against the appellant, and that all the points raised, exceptions taken, and errors assigned by the appellant resolve themselves into the single question:

Was the agreement of Crim an undertaking "to charge any person upon any special promise to answer for the debt, default, or miscarriage of another," and therefore within the statute of frauds?

We think it clearly was not. Crim's promise was not made to Aultman and Taylor, but to Fitch to pay Fitch's debt to Aultman and Taylor. It was a promise to answer for his own debt, his own default, his own miscarriage, not for the debt, default, or miscarriage of another. If Crim's promise had been to Aultman and Taylor, to pay Fitch's debt to them, it would have been within the statute, and Aultman and Taylor could not have enforced the promise, unless it had been made in writing and properly signed. The distinction between the promise of Crim in this case, and a promise within the statute of frauds, seems to us very plain. This question was first decided in *Eastwood* v. *Ken-*

*yon,* 11 A. & E. 438, which is a case in point, and approved by this court in *Colter* v. *Frese,* 45 Ind. 96.

The judgment is correct, and is affirmed, with ten per cent. damages, and costs.