No. 11,029.

## PARSONS ET AL. *v.* TILLMAN ET AL.

NOVATION.—*Partnership.*—At the instance of some of its creditors, an insolvent partnership was dissolved and a receiver appointed. While the concern was solvent, it became indebted to one of its members by notes, which he surrendered and took new notes, payable to his daughter, and handed them to her as an advancement. She afterwards assigned these to her step-mother, the wife of the creditor partner, for a consideration from him. There was no fraud, and after the insolvency the latter obtained a judgment upon them, and presented it for allowance out of the assets in the hands of the receiver.

*Held,* that there was a novation by the substitution of the daughter as creditor of the firm, and that her assignee was not to be regarded as assignee of the notes surrendered, and, therefore, the judgment should be allowed as a general debt of the partnership.

From the Vanderburgh Circuit Court.

*A. Iglehart, J. E. Iglehart, A. Gilchrist* and *C. H. Butterfield,* for appellants.

*C. Denby, D. B. Kumler, A. C. Tanner* and *W. W. Ireland,* for appellees.

NIBLACK, J.—Henry E. Blemker, William H. Tillman and Michael Gorman for many years constituted the firm of Blemker, Tillman & Co., engaged in the manufacture and sale of stoves and other kindred articles of merchandise at Evansville, in this State.

At the time of its dissolution Byron Parsons and Charles E. Scoville were endorsers for the firm in the aggregate sum of more than $20,000.

In May, 1882, Blemker, Parsons and Scoville filed their complaint in the court below against Tillman, Gorman and others, praying, amongst other things, a dissolution of the firm and the appointment of a receiver to close up its business, and the proceedings which followed resulted in the dissolution of the firm and the appointment of a receiver.

On the 28th day of June, 1882, Sophia Tillman, the wife of William H. Tillman, above named, having become the

owner and holder of certain promissory notes executed by the firm to one Mary Raben, her step-daughter, obtained judgment in the superior court of Vanderburgh county against Blemker, Tillman & Co. upon those notes for $3,-581.38. Afterwards Mrs. Tillman filed the judgment thus obtained as a claim against the assets in the hands of the receiver, and asked for an order for its payment as a partnership claim. Parsons and Scoville thereupon, as creditors of the firm, filed objections to the allowance of the claim.

Issues were formed upon the objections thus filed, and at the request of Parsons and Scoville, the circuit court made a special finding of the facts, which may be stated as follows:

That prior to the 14th day of May, 1878, the members of the firm of Blemker, Tillman & Co. made an agreement between themselves by which each was to receive from the firm a compensation for his services, that is to say, Blemker was to be paid $1,500 per year, and Tillman and Gorman each $4 a day; that Blemker and Gorman each drew his wages in cash from the firm, but that Tillman instead took the notes of the firm from time to time for the services which he performed, covering a period of ten years immediately preceding said 14th day of May, 1878, at which time these notes amounted in the aggregate to $3,000; that on that day, desiring to make a gift or advancement to his daughter, Mrs. Mary Raben, Tillman surrendered these notes and had new notes executed by the firm for like amounts, payable to her; that no consideration for these new notes moved from Mrs. Raben either to Tillman or the firm; that two other notes of $200 each were afterwards given to Mrs. Raben by the firm for interest on the notes which her father had caused to be executed to her as above; that in March, 1882, Mrs. Raben transferred all the notes which had been so executed to her by the firm, to the appellee Mrs. Sophia Tillman, who had then but recently become her father's wife; that the only reason for this transfer was that Tillman, the father, had complained at having been compelled to pay the sum of $1,500 as surety

for Mrs. Raben's husband; that at the time the first notes were given to Mrs. Raben the firm owed $49,296.46, and owned property of the value of $70,250.46; that at that time Parsons and Scoville were endorsers for the firm for about $20,000, and so continued up to the time the firm was dissolved, and are now creditors for sums paid as such endorsers for the firm for more than $20,000; that in May, 1882, a receiver was appointed for the firm; that the receiver has converted all the assets into money, and has paid all the money into court; that the creditors of the firm will receive less than fifty cents on each dollar due them; that the judgment constituting the claim in controversy was recovered by Mrs. Tillman on the notes transferred to her by Mrs. Raben, and that there was then due on said judgment, for principal, interest and costs, the sum of $3,630.38.

From these facts the court came to legal conclusions as follows:

*First.* That at the time of the execution of the notes to Mrs. Raben the firm of Blemker, Tillman & Co. was solvent.

*Second.* That while the firm was solvent these notes could be lawfully assigned by Tillman, with or without a valuable consideration, they having the ordinary qualities of choses in action.

*Third.* That the execution of the notes to Mrs. Raben in lieu of those held by her father was a fair transaction, and operated as an assignment of the original notes held by Tillman.

*Fourth.* That by receiving these notes as a gift from her father, Mrs. Raben acquired a valid title to them, which was not affected by the subsequent insolvency of the firm.

*Fifth.* That by the transfer of the notes from Mrs. Raben, the appellee Mrs. Tillman acquired a valid title to them in her own right.

*Sixth.* That the judgment rendered upon these notes ought to be allowed as a general claim against the firm.

Exceptions were reserved, and an allowance was made accordingly.

Parsons and Scoville have appealed, and assigned error upon the conclusions of law at which the circuit court arrived.

Much of the argument submitted on behalf of the appellants has reference to the general relations which partners sustain to the copartnership, and to the rights and liabilities of a partner who has made advancements to an insolvent firm. But we are unable to make any practical application of the principles relied on to the case in hearing. It is inferentially conceded that Tillman, in good faith, performed services sufficient to constitute an adequate consideration for the notes executed to him by the firm, and that these notes in equity afforded evidence of a valid claim upon the partnership assets, as against every one, except creditors other than the partners. It is only contended that Mrs. Tillman ought not to be allowed to occupy a stronger position as a creditor of the firm than her husband would have done if he had continued to hold the original notes, and that for that reason payment of her judgment should be postponed in favor of the other creditors. This contention is based upon the theory that Mrs. Tillman is, in legal effect, only the assignee of her husband in the original notes, and hence chargeable with all the infirmities attaching to him as a creditor of the firm. But in our estimation the facts found by the circuit court do not sustain that theory. The surrender of the original notes by Tillman, and the execution of new notes by the firm to Mrs. Raben, at his request and with her concurrence, amounted to a novation, and a consequent extinguishment of the original indebtedness to Tillman.

Coming to us through the civil law, three kinds of novation are recognized : *First.* When the debtor and creditor remain the same, but a new debt takes the place of the old one. *Second.* Where the debt remains the same, but a new debtor is substituted. *Third.* Where the debt and debtor remain, but a new creditor is substituted. In each of these cases the extinguishment of the old debt constitutes the consideration for the new obligation, and has always been held to be suffi-

cient. 1 Bouvier Institutes, 310; 2 Abbott Law Dict. 184; *Adams* v. *Power,* 48 Miss. 450; 1 Addison Con., section 372, *et seq.;* 1 Parsons Con. 217; *Clark* v. *Billings,* 59 Ind. 508; *McClellan* v. *Robe,* 93 Ind. 298.

The facts of this case bring it within the third and last class of novations, and require us to treat Mrs. Tillman as the assignee of a substituted creditor of the firm, and not as the assignee of her husband.

Accepting this view of the character of Mrs. Tillman's claim, it follows that the circuit court did not err in placing her upon the same footing with other creditors of the firm.

There was enough that was unusual in the several transactions, which led to the rendition of the judgment in favor of Mrs. Tillman, to attract the attention of other creditors, but there is nothing in the special finding of the facts from which an inference of bad faith can be properly drawn, and as no · question is made upon the correctness of the special finding, we must assume that the facts as found by it were fairly established by the evidence.

The judgment is affirmed, with costs.

Filed May 26, 1884.