No. 12,240.

KELSO v. FLEMING.

NOVATION.—*Elements of.*—Novation is the substitution of one debtor, by mutual agreement, for another, whereby the old debt is extinguished.

SAME.—*Assumption of Debt by Purchaser of Real Estate.*—The agreement of a purchaser of real estate to pay a debt evidenced by a promissory note and secured by a mortgage, as a part of the purchase-price, even where the payee subsequently agrees to accept the purchaser as the payor and release the maker, does not constitute a novation.

SAME.—*Pleading.*—*Conclusion of Law.*—An averment that the payee did release the maker is the statement of a mere conclusion of law.

From the Dubois Circuit Court.

*W. A. Traylor* and *W. S. Hunter*, for appellant.

*E. A. Ely, W. F. Townsend* and — *Bretz*, for appellee.

MITCHELL, J.—This suit was brought to recover on a promissory note, dated June 3d, 1881, due in twelve months. The note was signed by A.T. Fleming, payable to Lemuel L. Kelso, and called for $492. It was assigned by written endorsement, dated the 22d day of August, 1882, to Clara A. Thomas, who, it is alleged, has since intermarried with Zenas C. Kelso.

The only answer upon which any question arises presents the following facts : It avers that the day after the note was executed the defendant executed a mortgage conveying to the payee certain real estate as security for the debt. That subsequently, on the 2d day of May, 1883, the defendant sold and conveyed the land mortgaged to one Steen, who assumed the payment of the mortgage debt as part of the purchase-price. That the payee of the note agreed to accept Steen as the payor of the debt and release the defendant, and that, in pursuance of the agreement so made, he did release the defendant. It was averred further, that at the time this agreement was made the defendant had no notice of the assignment of the note.

A demurrer was overruled to the answer, and upon evidence tending to sustain it, there was a finding and judgment for the defendant.

The ruling on the demurrer and the finding on the evidence are brought in question by the errors assigned.

The question discussed relates to the sufficiency of the facts pleaded in the answer and proved by the evidence to constitute a novation of the debt. That the assumption of the debt by Steen made him, as between himself and Fleming, primarily liable, is beyond question. *Birke* v. *Abbott*, 103 Ind. 1, and cases cited. It does not follow, however, that the original debtor was thereby released, or that the right of the holder of the note to proceed against him was in any manner affected. *Davis* v. *Hardy*, 76 Ind. 272; *Josselyn* v. *Edwards*, 57 Ind. 212.

Nor do we think that the averments that the payee agreed to accept the purchaser and release the maker of the note show any consideration upon which to claim a release or novation.

One of the essential elements to a novation is, that there should have been an extinguishment of the old debt; and another is, that there should have been a mutual agreement between all the parties, that the old debt should become the obligation of a new debtor.

The sale of the land and the assumption of the mortgage debt, so far as the answer discloses, was a separate, independent transaction between Fleming and Steen. The agreement between Kelso and Fleming, that the former would accept Steen as payor and release the defendant, was equally independent of the sale of the land and the assumption of the debt by the purchaser.

Upon the conveyance of the land to Steen and the assumption of the debt by him, Kelso's right to proceed against him was complete, and his subsequent agreement to release Fleming was without consideration to support it.

There was no agreement mutually entered into between all the parties, that Steen should become the debtor of Kelso, and that in consideration of his so agreeing Fleming's debt should be released. As between Fleming and Kelso, the

debt remained the debt of the former; that Steen had assumed its payment by contract with Fleming, no consideration or benefit to Kelso appearing, did not extinguish the debt. The arrangement between Fleming and Steen, completed in the absence of Kelso, and subsequently assented to by him, did not constitute a consideration to uphold his agreement to release.

Novation means simply the substitution of one debtor by mutual agreement for another. It is a necessary incident of the transaction, that the old debt shall have been discharged by the new arrangement. The discharge of the old debt must be contemporaneous with, and result from the consummation of, the arrangement with the new debtor.

The most that can be made of the facts in this case is, that by the assumption of the debt by Steen, resulting from his agreement with his vendor, he came under an equitable obligation to Kelso without any agreement whatever with the latter. The agreement of assumption enured at once to his benefit. The subsequent agreement between Fleming and Kelso, to which Steen was a stranger, did not in any manner change the relation between Kelso and Steen. Their respective rights and obligations remained precisely the same. There is, therefore, an absence of two of the essential elements to constitute a novation : 1. A mutual agreement between all the parties to substitute a new debtor for the old debtor. 2. The extinguishment of the old debt. *Fensler* v. *Prather*, 43 Ind. 119; *Clark* v. *Billings*, 59 Ind. 508; *Bristol, etc., Co.* v. *Probasco*, 64 Ind. 406; *Parsons* v. *Tillman*, 95 Ind. 452.

The averment that the payee of the note did release the defendant is the statement of a mere conclusion of law.

What has been said concerning the answer necessarily disposes of the motion for a new trial.

The judgment is reversed, with costs.

NIBLACK, C. J., did not participate in this decision.

Filed Dec. 11, 1885.