No. 12,933.

## POPE v. VAJEN.

PROMISSORY NOTES.—*Release.—Estoppel.—Novation.—Pleading.—Answer.— Demurrer.*—In an action by the payee against the maker of promissory notes executed in consideration of real estate purchased of the payee, the answer alleged the assumption of payment by the several purchasers of the real estate from the maker, of the notes in controversy, and an agreement by the payee, after some of the notes had been paid by the assumers and others by the maker, upon the failure of the assumers to pay, who demanded of the payee that he present the remainder of the unpaid notes for payment in order that the interest might be stopped and suit instituted against the assumers, to release the maker from further liability and look only to the assumers.

*Held*, that the answer, showing neither estoppel, novation, nor a release based upon a valuable consideration, was subject to a demurrer.

ELLIOTT, C. J., dissents.

From the Marion Superior Court.

*J. Buchanan*, for appellant.

*J. S. Duncan* and *C. W. Smith*, for appellee.

BERKSHIRE, J.—This is an action by the appellant against the appellee and his wife, Alice Vajen, founded upon several promissory notes executed by the appellee and wife to the appellant.

The case was put at issue, and tried at special term of the superior court, and a judgment rendered for the appellee and his wife Alice, from which an appeal was taken to the general term, and in general term the judgment at special term was affirmed ; and from the judgment in general term, as to the appellee alone the appellant has taken this appeal.

The appellant has assigned several errors, but in view of our conclusion we need only notice one of them.

During the progress of the case at special term the appellant filed his demurrer to the second paragraph of the answer of the appellee, which was overruled by the court, and an exception reserved.

We have concluded to set the paragraph out in full in this opinion. It reads as follows :

" The defendant, John H. Vajen, for his further separate answer to the complaint herein, says that he admits the execution of the promissory notes mentioned and described in the several paragraphs of the complaint herein, and exhibited with the said complaint, but he says that the plaintiff ought not to have or maintain this action for the reason that said notes were each executed as part of the consideration of certain parcels of real estate, situated near the city of Indianapolis, each several note being a part of the consideration for a separate and distinct parcel of real estate ; that said notes were only a small portion of the promissory notes executed by this defendant at their date ; that at the date of said notes this defendant purchased from said Abner Pope, the payee of said notes, three hundred and eighty-five (385) parcels of real estate, and the purchase-price for each several parcel was divided into six (6) equal instalments, payable annually, one instalment upon each of said lots each year for a period of six (6) years, making a total of twenty-three hundred and ten (2310) notes so executed by this defendant to said Abner Pope upon said purchase ; that immediately after said purchase this defendant sold said three hundred and eighty-five (385) parcels of land to George W. Parker and Samuel Hanway, and that upon said sale to said Parker and Hanway they, as part of the consideration of said purchase by them, assumed and agreed to pay the said promissory notes so executed by this defendant to said Abner Pope ; and that thereafter said Parker and Hanway sold said lots to divers and sundry parties, the purchaser of each of said lots, as a part of the consideration for such purchase, assuming and agreeing to pay the notes given by this defendant for said lots upon his purchase thereof, from said Abner Pope. Of all of which facts the said Abner Pope had full information ; and that after said sale by said Parker and Hanway, said Abner Pope and the plaintiff herein proceeded to collect the

money from said owners of said lots, who had assumed and agreed to pay the same, and dealt with said assumers, as payors of said notes, and as the persons who were primarily liable for the payment of said notes ; that said notes were made payable at Fletcher's bank, but that they were not presented at said bank for payment when due; and this defendant knowing that the payment of said promissory notes had been assumed by said purchasers, and knowing that said Pope was dealing with said assumers, by reason of the failure of said notes to be presented at said bank, where the same were payable, supposed that said notes had all been paid.

"And this defendant further shows that, discovering that a large number of said notes had not been paid, this defendant, in the year 1879, called upon the plaintiff and notified him that he was ready and prepared to pay all of said notes and that he was desirous of doing so, and of stopping the interest thereon ; and thereupon it was agreed by and between this defendant and said plaintiff that said plaintiff should produce all of said notes that had not been paid and this defendant should pay the same ; and that accordingly, at said date, the plaintiff did produce for payment a large number of the said notes, and thereupon this defendant paid said notes in full, principal and interest ; and then and there this defendant demanded that the plaintiff should produce all the notes which he held given by this defendant upon said purchase, in order that he might pay the same, and thus stop the interest, that he might take proper steps to secure himself from loss by instituting suits against the several persons who had assumed and agreed to pay said notes ; that thereupon said plaintiff agreed with the defendant that he should be released from all further liability on the account of any other of the notes so executed by this defendant upon said purchase, and that the plaintiff would look only to the parties who had assumed and agreed to pay the same, and who where primarily liable for their payment ; and that by reason of said agreement of said plaintiff to release this de-

fendant from all further liability upon said notes, this defendant was led to take no further steps in the matter looking to his own protection as against said parties who had assumed and agreed to pay said notes.

" Wherefore this defendant says, that the plaintiff herein is now estopped from prosecuting this action against him as the maker of said notes.

"And this defendant now prays judgment for his costs, and for all other proper relief."

We are of the opinion that the answer is bad, and that the court at special term erred in overruling the demurrer thereto, and erred in general term in affirming the judgment at special term.    The answer to be good must be so upon at least one of three grounds :   First.   That the facts alleged constitute a novation.   Second.   A release ; and, Third.   An estoppel. In every novation there are four elements :   1.   An existing and valid contract.   2.   All parties must agree to the new contract.    3.   The new contract must be valid ; and 4.   The new contract must extinguish the old one.    *Morris* v. *Whitmore,* 27 Ind. 418 ;   *Glasgow* v. *Hobbs,* 32 Ind. 440 ;  *Jewett* v. *Pleak,* 43 Ind. 368 ;   *Crim* v. *Fitch,* 53 Ind. 214 ;   *Clark* v. *Billings,* 59 Ind. 508 ;  *Fensler* v. *Prather,* 43 Ind. 119 ;  *Bristol, etc., Co.* v. *Probasco,* 64 Ind. 406 ;  *Parsons* v. *Tiliman,* 95 Ind. 452 ;  *Kelso* v. *Fleming,* 104 Ind. 180.

It will hardly be necessary for us to take the time to explain wherein the facts pleaded in the answer fall short of showing a novation, and especially need we not do so as appellee's counsel do not contend there was a novation.

To constitute a valid release there must be a valuable consideration paid therefor.   See *Kelso* v. *Fleming, supra,* and authorities cited.   No such consideration is shown.

When Parker and Hanway purchased the real estate from the appellee, and as a part of the consideration therefor assumed and agreed to pay the notes that had been executed by the appellee, they became primarily liable for the payment of the debt ; and as between the appellee and them, the

relation of principal and surety existed, they being the principals and he the surety; this, however, in no way changed or altered the appellee's liability to the appellant.

It was held in the case of *Sefton* v. *Hargett*, 113 Ind. 592, that "the purchaser of real estate, who assumes the payment of encumbrances on the land, thereby becomes, as to those previously liable, the principal debtor, without regard to the original relations of the parties, or whether the creditor consented thereto or not;" and further, "In such a case, if the creditor has knowledge of the facts, and extends the time of payment, without the consent of those who occupy the relation of sureties, the latter will be discharged;" but it is not averred or contended that the appellant extended the time of payment to any one, or made any agreement with reference to the payment of the notes, except so far as an agreement is alleged with the appellee. Conceding that there was an agreement between the appellant and the appellee that the former would no longer look to the appellee for payment of the notes, but would look to those who had purchased the real estate and assumed payment of the notes, the agreement was not one that could be enforced, unless bottomed upon a valuable consideration. *Kelso* v. *Fleming, supra.*

The grantees of the appellee, by their purchase and assumption, having become the principal debtors, the appellant had a complete right of action against them, as well as against the appellee at the time the agreement is alleged to have been made for release of the appellee. *Burke* v. *Abbott,* 103 Ind. 1; *Davis* v *Hardy,* 76 Ind. 272; *Josselyn* v. *Edwards,* 57 Ind. 212; *Kelso* v. *Fleming, supra; Sefton* v. *Hargett, supra.*

The agreement did not give to the appellant an advantage or legal right which he did not already have. The appellee surrendered no legal right, nor was he placed in a different position, to his prejudice, because of the promise made by the appellant. It was not necessary to the right of the ap-

Pope v. Vajen.

pellee to maintain legal proceedings against those who had assumed to pay his notes, that he first pay them; but had payment been a condition precedent to his right of action he was at liberty at any time to leave with the bank the money necessary to pay the notes, and this would have stopped the interest which he alleges in his answer he very much desired to do, or he could have made a tender to the appellant and demanded his notes and then brought an action for their cancellation, or have waited until sued upon them and kept his tender good by bringing the money into court. The facts pleaded do not constitute an estoppel.

Much of what we have said with reference to the question of consideration is applicable to the question of estoppel; but, in addition, we may add that there is no averment tending to show that any one of the parties who assumed to pay all or any one of the notes is not at this time in as good condition financially as on the day when the agreement was made; nor is there any averment tending to show that any action which the appellee then had a right to bring will not be equally available now as then.

The opinion in the case of *Kelso* v. *Fleming*, *supra*, covers the questions presented by the record in this case and has left very little to be said at this time.

The judgment is reversed, with costs, with directions to the court below to sustain the demurrer to the second paragraph of answer.

Filed Oct. 15, 1889; petition for a rehearing overruled Dec. 19, 1889.

## DISSENTING OPINION.

ELLIOTT, C. J.—Inasmuch as the terms of the agreement are explicit, and there was a surrender of a right by Vajen on the faith of the appellant's promise, I believe the agreement valid and the answer good. I, therefore, dissent.

Filed Oct. 15, 1889.