## No. 676.

## HORN ET AL. *v.* McKINNEY ET AL.

PROMISSORY NOTE.—*Novation of Parties.—Insufficiency of Answer Alleging.— What Necessary to Constitute a Novation*—In a suit upon a promissory note, an answer attempting to plead a novation of parties is bad which fails to show when the payees agreed to take the new parties for the payment of the note, or that said parties ever entered into a new promise or agreement with the payees as to the payment of the note. Novation means the substitution of one debtor by mutual agreement for another. There must be a new agreement between all the parties that takes the place of the old debt.

From the Grant Circuit Court.

*G. W. Harvey* and *A. De Wolf,* for appellants.

*S. Moore* and *J. A. Kersey,* for appellees.

NEW, J.—This was an action by the appellants against the appellees on a promissory note executed by William Moreland, since deceased, and said appellees, on the 1st day of April, 1876, and due twenty-one months after date.

The appellee George W. McKinney filed a separate answer to the complaint in these words :

" Comes now said defendant, George W. McKinney, and for his separate answer to plaintiffs' complaint says, that he admits the execution of the note sued on in this action together with his co-defendants, but says that said note was executed to these plaintiffs in part payment for a stock of drugs, and that afterwards, to wit, on the — day of September, 1876, he sold his interest in said stock of drugs to his said co-defendants herein, and as part payment therefor said Kiley, Moreland and Eviston agreed to pay said note to these plaintiffs; that these plaintiffs, with the full knowledge of the foregoing facts, agreed to take said Kiley, Moreland and Eviston for the payment of said note and to release this defendant from any further liability thereon. Wherefore," etc.

A demurrer for want of facts was overruled, and said ruling is assigned for error in this court.

We think the answer is insufficient, and hold that the demurrer should have been sustained.

The language of the answer clearly indicates that McKinney claims there was a novation of parties, or in other words, that on account of his sale to his co-partners he was released from all liability on account of said note. The law on this subject is well settled in this State. In the case of *Clark* v. *Billings,* 59 Ind. 508, the court says: " In every novation there are four essential requisites : *First,* a previous valid obligation ; *second,* the agreement of all the parties to the new contract; *third,* the extinguishment of the old contract, and *fourth,* the validity of the new one." See, also, *McClelland* v. *Robe,* 93 Ind. 298 ; *Kelso* v. *Fleming,* 104 Ind. 180 ; *Pope* v. *Vagen,* 121 Ind. 317.

The answer in this case fails to show that at the time McKinney sold his interest in said stock of goods to his co-defendants, with the understanding and agreement that they were to pay his part of said note to the appellants as part of the consideration for his said interest in said stock of drugs, the appellants were present and entered into said agreement. It is alleged in said answer that with full knowledge of said agreement between said McKinney and his said co-defendants the appellants consented to take said Kiley, Moreland and Eviston for the payment of said note, but it is not shown when said appellants learned of said sale and agreement between McKinney and his co-partners, nor is it shown when said appellants consented to take said Kiley, Moreland and Eviston for the payment of said note, the language of the answer clearly indicates, however, that it was after the sale by McKinney to his co-partners. The answer does not even allege that Kiley, Moreland and Eviston entered into a new promise or agreement with the appellants as to the payment of the note.

Novation means simply the substitution of one debtor by mutual agreement for another. *Kelso* v. *Fleming, supra.*

There must be a new agreement between all the parties that takes the place of the old debt. *Davis* v. *Hardy,* 76 Ind. 272.

The answer in this case does not show that the old debt was extinguished.

For the reasons stated, we think the judgment should be reversed, and the lower court is directed to sustain the demurrer to the answer.

Filed Nov. 15, 1892.