No. 796.

## Hopewell, Administrator, v. Kerr.

Decedent's Estate.—*Claim, Sufficiency of.*—*Theory of.*—*Principal and Surety.*—A claim against a decedent's estate in the following form: Estate of A., deceased, to B., Dr. "To amount paid on judgment against said decedent, upon which said B. was surety, including principal and interest from date of judgment, May 25, 1878, to April 12, 1892 (paid July 9, 1880), $1,314.12," with proper affidavit attached, is sufficient to withstand a demurrer, the remedy sought being on the implied promise growing out of the payment of the judgment by the surety.

Same.—*Claim.*—*Theory.*—*Subrogation.*—*Principal and Surety.*—Where a claim against a decedent's estate, by a surety, for money paid on a judgment on account of his suretyship, is not sufficient to constitute a claim for subrogation, yet it may state facts sufficient to constitute a good cause of action for the recovery of money so paid, and, as such, be subject to the plea of the six years' statute of limitations.

From the Monroe Circuit Court.

*J. H. Louden* and *T. J. Louden*, for appellant.

*R. A. Fulk* and *E. Corr*, for appellee.

Davis, C. J.—The claim which forms the basis of this action was filed in the court below, as provided by statute, on April 12, 1892, and is in the words following:

"Estate of John A. Alexander, deceased, to John Kerr, Dr.

"To amount paid on judgment against said decedent, upon which said John Kerr was surety, including prin-

cipal and interest from date of judgment, May 25, 1878, to April 12, 1892.    Paid July 9, 1880.    $1,314.12.''

Proper affidavit, in due form, was attached.

The six years' statute of limitations was pleaded as a defense, in the third paragraph of the answer.

As to requirements of such plea see section 298, R. S. 1881, and *Epperson* v. *Hostetter, Admr.*, 95 Ind. 583.

See also, in this connection, section 391, Elliott's Supp.; *Zeller* v. *Griffith, Admr.*, 89 Ind. 80; *Castetter, Admr.*, v. *State, ex rel.*, 112 Ind. 445.

Judgment was rendered against the estate for thirteen hundred and sixty-four dollars.

The overruling of a demurrer to the complaint and the sustaining of a demurrer to the third paragraph of the answer constitute the foundation for the assignment of errors on which appellant relies.

It is not alleged in what court, if any, the judgment was rendered.    The pleader has not shown whether the court was within this State, nor whether the court had jurisdiction of the parties or the subject-matter.    Therefore, it is urged by counsel for appellant that the complaint is fatally defective, and in support of their contention they cite *Brown* v. *Eaton*, 98 Ind. 591, and section 369, R. S. 1881.

The position is not tenable, and the authorities cited are not in point.    This is not an action founded upon the judgment.    The remedy sought is to recover on the implied promise growing out of the payment of the judgment by the surety.    On this theory, the complaint is sufficient to withstand the demurrer.    Section 385, Elliott's Supp.; *Knight, Admr.*, v. *Knight*, 6 Ind. App. 268.

A motion to have made the claim more specific in several respects would doubtless have been well taken, but there was no error in overruling the demurrer thereto.

The next question which is presented for our consid-

eration is whether the court erred in sustaining the demurrer to the third paragraph of the answer. Counsel for appellant insist that the right of action is governed by the statute of limitations applicable to accounts, which is six years, and rely on Wood on Limitation of Actions, p. 322, and *Lilly* v. *Dunn, Admr.*, 96 Ind. 220.

Counsel for appellee contend that when the debt has been reduced to judgment in favor of the creditor, against the principal and surety, and has been paid by the surety, section 1214, R. S. 1881, controls, and that the authorities cited by counsel for appellant have no bearing on the question.

If the claim or complaint proceeded on the theory that, by reason of the payment of the judgment by the surety, he had become subrogated to the rights of the judgment plaintiff in the judgment against Alexander, we have not considered, and are not prepared to say, what our conclusions would be as to the sufficiency of the answer. So far as the question under consideration is concerned, the case, as it is presented to us, is analogous to *Lilly* v. *Dunn, Admr.*, *supra*.

In that case, judgments had been rendered against May as principal and Dunn as surety. Dunn's administrator, after his death, instituted suit to foreclose an indemnifying mortgage which had been executed to Dunn by May to secure him against loss as such surety. It was further alleged that Dunn, as such surety, had paid the judgments. In answer the defendants pleaded the six years' statute of limitation in bar of the action. In response to the argument that the action was founded on the judgment, and, therefore, that the six years' statute did not apply, Judge NIBLACK said:

"Unfortunately for this claim, the averments of the complaint were insufficient to support it. No reference was made to any particular judgment as having been

rendered against John P. Dunn, as the surety of May, and, in fact, there was no direct averment that any such judgment was ever rendered in any court.''

The reasoning of Judge NIBLACK in that case is equally applicable and forcible in the case at bar.

A claim against an estate which seeks subrogation to the rights of the judgment plaintiff in a judgment, on account of the alleged payment, by claimant, as surety for the decedent, should contain ''a succinct and definite statement'' of the particular facts upon which the claim is founded.   Section 385, *supra; Lilly* v. *Dunn, Admr.*, *supra*, and authorities cited.

Although a succinct and definite statement of the particular facts may not be sufficiently pleaded to constitute a claim for subrogation, yet the complaint may state facts sufficient to constitute a good cause of action for the recovery of the money so paid, and in the latter contingency an answer properly pleading the six years' statute of limitations will constitute a defense to the cause of action.

The judgment is reversed, with instructions to overrule the demurrer to the third paragraph of the answer, with leave to parties, if desired, to amend pleadings at costs of appellee, and for further proceedings not inconsistent with this opinion.

Filed Jan. 2, 1894.