HYATT, ADMINISTRATRIX, *v.* BONHAM ET AL.

[No. 2,360.    Filed February 4, 1898.]

DECEDENTS' ESTATES.—*Claim.—Form Of.*—The statement of a claim filed against a decedent's estate need not be in any particular form, but is sufficient if it apprises the administrator or executor of the nature of the claim and the amount demanded, and shows enough to bar another action for the same demand.  *p. 259.*

STATUTE OF FRAUDS.—*Promise to Pay the Debt of Another.*—To make the promise to pay the debt of another collateral and bring it within the statute of frauds, section 6629, Burns' R. S. 1894 (4904, Horner's R. S. 1897), it must be a promise to answer to the creditor for the debt, default, or miscarriage of a third person who is liable therefor and continues liable; the statute has no application where the original debtor is discharged and the promisor is substituted as the debtor.  *pp. 259, 260.*

SAME.—*Promise to Pay the Debt of Another.—Consideration.*—Where a promise is made to a debtor to pay his debt to a third person, upon a sufficient consideration passing between the debtor and the promisor, an action may be maintained on the promise without the discharge of the original debtor.  *p. 260.*

EVIDENCE.—*Variance.—Decedents' Estates.—Claims.*—There was no material variance between the statement of a claim filed against a decedent's estate and the proof thereof, where the statement showed a balance of a certain amount for opera chairs of the date of the original purchase, and the proof showed that the goods were purchased by another and decedent had assumed the payment of such balance.  *pp. 261, 262.*

From the Daviess Circuit Court.  *Affirmed.*

*J. M. Van Trees* and *Chambers, Pickens & Moores,* for appellant.

*John C. Billheimer* and *John Downey,* for appellees.

BLACK, J.—The appellees recovered the allowance of their claim against the decedent's estate of which the appellant is the administratrix.  The statement of the claim filed by the appellees was as follows: "Statement of account.  Washington, Ind., ———, 1896.  Est. of Hiram Hyatt.  In account with M. L. Bonham & Sons.  1892.  Nov. 11.  To balance on Opera House Chairs, $118.04."

Hyatt, Administratrix, *v.* Bonham *et al.*

Following this was the affidavit of Clif. O. Bonham, who swore that the above account "in favor of M. L. Bonham & Sons is correct; that no payments have been made thereon except the credits thereon given; that there are no set-offs against the same to his knowledge; that the balance shown of said account, to wit, one hundred eighteen and 4-100 dollars is now justly due and owing to M. L. Bonham & Sons," etc.

The trial was before the court upon this statement, without an answer. On the trial, Emmons Wise, a witness for the appellees, testified, that on the 10th of November, 1892, he leased from Hiram Hyatt the second story of a building in the city of Washington, to be used as an opera house, or hall, for five years, at a yearly rental of $400.00, the rent to be due and payable in equal monthly installments in advance; that Hyatt was to furnish enough chairs to make one row around the hall, and he did put in 150 chairs; that witness was to put in all the curtains, stage supplies, and as many chairs as might be needed to seat the hall, not including those furnished by Hyatt; that witness purchased from appellees 550 chairs for which he agreed to pay forty-two cents apiece, and placed them in the hall, and put in curtains, stage fixtures, scenery, etc.; that he paid the appellees for said chairs all but one hundred and eighteen dollars and some cents; that in case said lease should be forfeited on account of nonpayment of rent, or for any cause, then all the chairs, curtains, stage fixtures, except a piano, if any, should be forfeited to Hyatt; that in the fall of 1893, witness went off with a show and left John Aikman in charge of the hall, with instructions to rent it and pay the rent to Hyatt; that witness returned after an absence of some three weeks, and found that Hyatt had taken possession and rented the

hall to John Aikman; that witness then went to see Hyatt, and between them Hyatt agreed. to take back the hall and everything in it except a piano, to assume the payment to the appellees of the balance of one hundred and eighteen dollars and some cents due them on chairs purchased by witness, to pay one Axtell for gas fixtures, and to pay witness twenty dollars in money; that witness and Hyatt went together to see the appellees and told them Hyatt would assume the payment to them of the one hundred and eighteen dollars and some cents due them on the chairs purchased by witness; that the appellees agreed to that and released witness; that this was in November, 1893; that the chairs, curtains, stage fixtures, etc., remained in the hall until Hyatt's death, in February, 1896, and they were still in the hall and in possession of Hyatt's heirs and lessees; that the next day after the talk with Hyatt, in November, 1893, witness called on Hyatt, and he instructed his son to give witness a check on the bank for twenty dollars, which he did, and Hyatt took possession of the hall.    This witness also testified that he had paid Hyatt but two months' rent on the hall, and would not pay any more because Hyatt had neglected to put a stairway behind the stage for a rear entrance, and a coal bin, as he had agreed to do; that he had done a good deal of work in the hall in the way of painting, frescoing and putting in scenery that cost him about three hundred dollars, and Hyatt got it all.    The witness did not remember whether he gave the appellees a mortgage or other lien on the chairs, but he thought it was talked about.    The lease mentioned by the witness was introduced, its contents having been substantially recited in the testimony as above set out.    No other facts were in evidence.

It is assigned as error that the complaint does not

state facts sufficient to constitute a cause of action. The statement of a claim filed against a decedent's estate need not be in any particular form. The statute provides for the filing of a "succinct and definite statement" of the claim, and it is well settled that the statement is sufficient if it apprises the administrator or executor of the nature of the claim and the amount demanded and shows enough to bar another action for the same demand. *King* v. *Snedeker*, 137 Ind. 503; *Taggart* v. *Tevanny*, 1 Ind. App. 339; *Knight* v. *Knight*, 6 Ind. App. 268; *Hopewell* v. *Kerr*, 9 Ind. App. 11.

It has also been decided that indefiniteness and uncertainty in the statement may be aided by the affidavit which, under the requirement of the statute, accompanies it. *Stewart* v. *Small*, 11 Ind. App. 100.

As to the statement of claim now under consideration, it is only necessary that it be sufficient to withstand the objection, now on appeal first made to it, after trial, at which the defendant appeared and defended. We cannot regard the imperfections of the statement as sufficient reason for the reversal of the judgment.

The appellant's motion for a new trial was overruled. It is claimed in argument that the promise of the decedent to pay the appellees the balance of the debt of Wise for the chairs was within the second clause of the first section of our statute of frauds, by which it is provided that no action shall be brought "to charge any person, under any special promise, to answer for the debt, default, or miscarriage of another." Section 6629, Burns' R. S. 1894 (4904, Horner's R. S. 1897). Where a promise is made to pay the debt of another, the statute has no application if the original debtor is discharged. In such case the promise is treated as original and not collateral. The promisor is substituted as the debtor,

and the discharge of the original debtor is a sufficient consideration. To make the promise collateral and bring it within the statute, it must be a promise to answer to the promisee for the debt, default or miscarriage of a third person, who is liable therefor to the promisee and continues so liable. *Downey* v. *Hinchman*, 25 Ind. 453; *Ellison* v. *Wisehart*, 29 Ind. 32; *Crosby* v. *Jeroloman*, 37 Ind. 264; *Anderson* v. *Spence*, 72 Ind. 315, 37 Am. Rep. 162; *Board, etc.,* v. *Cincinnati, etc., Co.,* 128 Ind. 240.

In the case at bar it does not merely appear that Wise, the original debtor, was released by the creditor, but it is shown that upon sufficient and valid consideration passing from Wise to Hyatt, who is represented by the appellant, Hyatt assumed the payment of the debt, and the creditors became parties to this arrangement; the appellees assented to it and accepted Hyatt as their debtor instead of Wise. The promise of Hyatt was founded upon an independent consideration received by him in the settlement with Wise, as to the adequacy of which we have no concern. His promise to pay the appellees was as much a promise to pay his own debt as was his promise to pay the twenty dollars to Wise. Both of the promises were made to Wise upon sufficient consideration, and the former, being for the benefit of the appellees, was accepted by them. It formed a sufficient consideration for their agreement to release Wise. Thereupon Hyatt alone became the debtor.

In such case of a promise made to the debtor to pay his debt to a third person upon a sufficient consideration passing between the debtor and the promisor, an action may be maintained upon the promise without the discharge of the original debtor. See *Nelson* v. *Hardy*, 7 Ind. 364; *Davis* v. *Calloway*, 30 Ind. 112, 95 Am. Dec. 670; *Helms* v. *Kerns*, 40 Ind. 124; *McDill*

v. *Gunn*, 43 Ind. 315; *Crim* v. *Fitch*, 53 Ind. 214; *Wolke* v. *Fleming*, 103 Ind. 105, 53 Am. Rep. 495; *Bateman* v. *Butler*, 124 Ind. 223; *Lowe* v. *Hamilton*, 132 Ind. 406; *Boruff* v. *Hudson*, 138 Ind. 280; *Morrison* v. *Kendall*, 6 Ind. App. 212.

In the case now before us, there appears to have been a novation by the substitution of a new debtor. The creditors, the appellees, the original debtor, Wise, and Hyatt, who agreed to assume the indebtedness, met together, and it was mutually agreed between them that Hyatt should assume the debt of Wise and that the latter should be released therefrom. There was a consideration passing from Wise to Hyatt. There was a consideration passing to the appellees for the release of Wise. The arrangement was effected between all the parties at one time. The necessary incidents of a novation existed. See *Kelso* v. *Fleming*, 104 Ind. 180; *Parsons* v. *Tillman*, 95 Ind. 452; *McClellan* v. *Robe*, 93 Ind. 298.

It is suggested in argument that the testimony that the appellees released Wise is a mere conclusion of law. As we have indicated, the evidence showed facts under which Hyatt would have been liable to the appellees whether Wise was discharged or not. In the bill of exceptions the questions propounded to the witness and his answers thereto are not set out, but his testimony is presented in a continuous narrative. It does not appear in what form of words the release was made, but it appears to have been a part of the arrangement between all the parties, which included a sufficient consideration for an agreement to release the original debtor. The evidence was admitted without any objection to a question propounded to the witness, or the statement of any such reason against its introduction as is now suggested; and there was no motion to strike it from the record.

Hyatt, Administratrix, *v.* Bonham *et al.* ·

We cannot say that there was not any evidence from which the court could find, for the purposes of this case, that Wise was discharged, and that Hyatt was substituted as the debtor and became bound to pay the balance of the original debt.

A question arises as to whether or not there was a material variance between the statement of claim and the proof, the statement being of a mere balance of an account, while the evidence showed an agreement of the appellant's intestate to assume the payment of that balance. The statement, it will be observed, did not set forth an entire account, including the original amount thereof and the credits thereon. With the accompanying affidavit, it showed a balance of a certain amount for opera house chairs, of a certain date, being that of the original purchase, due and owing from the decedent's estate to the claimant. It was that balance which the intestate assumed. The judgment would bar another claim against the estate based upon that contract of assumption, and it seems sufficiently manifest that the appellant was not misled by the statement of claim. Under the extreme liberality which we must extend to the statement, taking it out of the strict rule of pleading, we are unable to hold that there was a fatal variance. No question was saved by the motion for a new trial in relation to the competency of Wise as a witness. The judgment is affirmed.