## United States Rubber Company *v.* Horsley, Administratrix.

[No. 14,092.   Filed November 7, 1930.   Rehearing denied December 30, 1930.   Appellant's motion to strike out appellee's petition for second rehearing sustained January 27, 1931.]

*John W. Lindley,* for appellant.
*Walker & Hilleary,* for appellee.

Enloe, J.—This action, by the appellant as plaintiff, was upon a written contract of guaranty. July 17, 1926, William E. Horsley, of Terre Haute, Indiana, executed to appellant his written contract of guaranty, wherein and whereby he guaranteed the payment to appellant, for goods to be thereafter sold by the appellant to one Clark, doing business in Decatur, Illinois, but limited the liability of said guarantor to $2,000. The complaint alleged, *inter alia*, that there was a balance due from said Clark to appellant, for goods sold to said

Clark by appellant, in the sum of $1,784.02, and for this sum it asked judgment against the said Horsley.

The defendant filed an answer in which he admitted the execution of said contract of guaranty, and also admitted that there was a balance of indebtedness due appellant from said Clark, for goods sold, in the sum alleged in the complaint. In avoidance of his liability as guarantor upon said contract, he alleged that, on November 15, 1926, an agreement, based upon a valuable consideration, was entered into between said Clark and the plaintiff—appellant—through an agent of plaintiff, wherein and whereby the plaintiff agreed that if he, said Clark, would turn back to plaintiff certain automobile tires theretofore purchased by said Clark from the plaintiff and of the value of $2,000, said plaintiff would credit the account of said Clark with said sum and would also release the said Horsley from liability upon his said contract of guaranty; that said agreement was fully performed by said Clark, etc. There was also an answer in general denial.

The cause was tried by the court and resulted in a finding against appellant, and judgment in favor of said Horsley. Pending the ruling upon appellant's motion for a new trial, the said Horsley died, and, upon that fact being duly brought to the attention of the trial court, and upon motion in that behalf, his widow, as administratrix of his estate was substituted as a party to this action. The motion for a new trial having been overruled, this appeal followed, and the only question presented is the sufficiency of the evidence to sustain the decision of the court.

Upon the trial of the case, the appellant made proof of the execution of said contract of guaranty and of said indebtedness from said Clark; in fact, these were expressly admitted by the deceased, Horsley, and his principal witness, and the defense then under-

took to establish the said matters alleged in said affirmative paragraph of answer. The defense assumed the burden of establishing: (a) That the agreement of release, as pleaded, had been in fact made; and (b) that said agreement was founded upon a valuable consideration, the said agreement not being of that class of agreements which imports such consideration.

As to the making of said agreement, we fail to find, in the record, any direct evidence that such an agreement was made. We do find testimony, however, given by the wife of said Clark, from which the making of such an agreement might be inferred, but the proof of the making of said agreement is only inferential.

As to any valuable consideration upon which said agreement rests, the record is entirely silent. There is nothing upon which we can base even an inference of any such consideration. To sustain this decision, we must first, by inference, determine that such contract was made as alleged, and then, from that fact, so inferentially determined, infer that said agreement had and was founded upon a valuable consideration. This we cannot do. There being no evidence as to such consideration—which evidence was vital to the defense pleaded—such defense must fail. *Morrison* v. *Kendall* (1892), 6 Ind. App. 212, 33 N. E. 370; *Pope* v. *Vajen* (1889), 121 Ind. 317, 22 N. E. 308, 6 L. R. A. 688.

We, therefore, conclude that the court erred in overruling said motion. Reversed, with instructions to grant a new trial.