## BALTIMORE ACADEMY OF THE VISITATION
### *v.* MORRIS SCHAPIRO.

[No. 27, October Term, 1935.]

*Decided December 4th. 1935.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Edward L. Ward,* with whom was *Gordon S. Duvall* on the brief, for the appellant.

*Morton H. Rosen* and *William T. Tippett, Jr.,* for the appellee.

SHEHAN, J., delivered the opinion of the Court.

This appeal is from a judgment of *non pros* entered by the Baltimore City Court on the 20th day of March, 1935. The appellant, the Baltimore Academy of the Visitation, a body corporate, sued Morris Schapiro, the appellee, for an alleged breach of contract. There was a demurrer to the declaration, and this having been sustained, and the appellant having declined to file an amended declaration, a judgment of *non pros.* was entered against it.

In the declaration the appellant alleged that on February 2nd, 1925, the appellee, Morris Schapiro, entered into a contract with it for the purchase of a valuable lot of ground located at Howard and Centre streets in Baltimore City for the sum of $800,000, of which purchase price $15,000 was paid on account, upon the execution of the contract, and $110,000 was paid on May 1st, 1925.

Under the terms of the contract, $75,000 was agreed to be paid on July 1st, 1927, and the balance of $600,000 was to be secured by a purchase-money mortgage upon this property, the mortgage to be executed on July 1st, 1927, and there was to be paid on account of the mortgage $100,000 on July 1st, 1928, and the balance of $500,000 on July 1st, 1933, with interest at the rate of five per centum per annum. The property was to remain in the possession of the vendor until July 1st, 1927, and it agreed to pay interest at the rate of five per centum on the $125,000, paid as above stated, until the transfer of the property.

The appellant further agreed to accept a purchase-money mortgage from any corporation which might be the assignee of said contract of sale at the time of the execution of the mortgage. The contract also contained the following provision: "It is further agreed by and between the parties hereto that upon the vendees taking possession of the property, or their assigns, and the execution of the mortgage of six hundred thousand dollars ($600,000), that the said vendee, his heirs or assigns, shall have the right at any time after possession to tear down and remove from the premises any of the structures now or hereafter erected on same upon depositing with the vendor or its assigns, or the mortgagee or its assigns, an indemnity, corporate or satisfactory bond in the sum of one hundred thousand dollars ($100,000), the condition of said bond being that within a reasonable time after the removal of any structure now upon said property the vendee or his heirs or assigns will erect upon said property a building or buildings costing not less than one hundred thousand dollars ($100,000)."

The construction of this provision, and an alleged novation, are the principal questions advanced for our consideration. It was also stipulated in the contract that in the event of default in the payment of said $75,000 on account of the purchase price, the agreement was to become null and void and the sum paid on account was to become the absolute property of the vendor, as liquidated

damages. It was further provided "that this agreement shall be assignable by the vendee or his assignees."

The contract of February 2nd, 1925, was assigned on April 29th, 1925, unto Morris Schapiro and John T. Murphy, as syndicate managers. The Baltimore Academy of the Visitation and the syndicate managers entered into a contract for the extension of the time of payment of the $75,000 agreed to be paid in the original contract from July 1st, 1927, until December 31st, 1927, and also agreed that the time for the execution of the mortgage should be extended from July 1st, 1927, until December 31st, 1927, and further agreed that the balance of the purchase price, over and above the $125,000 which had already been paid on account, was to bear interest at the rate of five per centum from July 1st, 1927, and in this contract it was further agreed "that in consideration of the postponement from July 1st, 1927, to December 31st, 1927, of the date of settlement of said property, said parties of the second part hereby agree to waive the right to receive 5% interest on the $125,000, heretofore paid on account of said contract, from and after July 1st, 1927, and further waive their right to receive the 5% interest on the $125,000 heretofore paid in the event that the original contract of purchase is not fully consumated; in all other respects the contract of February 2nd, 1925, shall be and remain in full force and effect."

On July 30th, 1931, the appellant and the Howard & Centre Realty Corporation executed an agreement to extend the time for the payment of the mortgage from January, 1933, to July 1st, 1938, upon condition that the Howard & Centre Realty Corporation pay three and a half per cent. interest and that one and a half per cent. interest be accumulated until the maturity of the mortgage, and certain taxes were to be paid by the Howard & Centre Realty Corporation, which further agreed to put upon the property not less than $25,000 of physical improvements during the year 1931. In case of default in any of the covenants set out in the mortgage or in this extension of mortgage, it was further agreed that "any

default in any of the covenants set out in the mortgage or in this extension of mortgage, shall mature the said mortgage, and it shall then and there cause the entire mortgage debt to become due and payable."

This lengthy recitation of facts seems to be required in determining whether there was a novation of the contract of February 2nd, 1925, thereby releasing Morris Schapiro from his obligation of "depositing with the vendor or its assigns, or the mortgagee or its assigns, an indemnity, corporate or satisfactory bond, in the sum of one hundred thousand dollars ($100,000)," as above set forth at length.

The suit is brought for the recovery of the damages because of the removal of the buildings on said property and because buildings to the extent of $100,000 were not erected on the said property. It is conceded that $25,000 in improvements were placed upon the property, and that the balance of $75,000 is the sum claimed by the appellant. The appellee petitioned the court for oyer of the contracts and agreements mentioned in the declaration and, in pursuance of an order thereon, the contract of February 2nd, 1925, the contract between the syndicate managers and the appellant and between the Howard & Centre Realty Corporation and the appellant were produced and filed, all of which have been above referred to.

These contracts when filed became a part of the pleadings in this case. *Poe, Pl. & Pr.*, vol. 1, sec. 768; 49 *C. J.* 609; *Schapiro v. Chapin*, 159 Md. 418, 151 A. 44. Under this state of the pleadings the lower court sustained a demurrer to the declaration and, upon the refusal of the plaintiff (appellant) to amend, entered a judgment of *non pros.*, from which judgment this appeal is taken.

The appellees contend that the pleadings are defective, that there has been a novation of the contract of February 2nd, 1925, discharging the defendant (appellee) from all his obligations under the original contract. The contention that the pleadings are so defective that the demurrer should be sustained, regardless of the other questions presented, is not well taken. The declaration at

length sets up the terms and conditions of the contract of February 2nd, 1925, and, in addition to that, the three contracts above mentioned had been filed and became a part of the pleadings and were before the court upon its ruling on the demurrer, and this presents a definite situation as to the contractual relations of the parties, and, while there may be some inaccuracies and uncertainties, and such defects in pleading must be taken against the pleader in determining their sufficiency, it nevertheless does appear that the declaration, and the several contracts and agreements filed therewith, fully apprise the appellee of the nature of the claim, and we think that the breach or default in the contract, the remedy sought, and the damages claimed are sufficiently set forth under our simplified forms of pleading to notify the appellee of the exact nature of the claim of the plaintiff.

The appellee strongly urges that there has been a novation of the contract of February 2nd, 1925, occasioned by agreements and dealings between the original parties and others subsequent to the original contract: Firstly, between the Academy of the Visitation and Schapiro and Murphy, syndicate managers. Secondly, between the appellant and the Howard & Centre Realty Corporation.

The general rules governing novations have been set forth in many cases and by many text-writers on the subject. A novation may occur by a change of parties to the contract, by the change of the subject-matter, by the change of the terms and conditions. In the instant case the question arises as to whether the terms and conditions of the original contract were so altered by the subsequent contracts above referred to as to relieve Schapiro of his agreements and undertakings. An analysis shows that the original contract was altered or changed in the following respects:

First. The time for making certain payments on account of the purchase price was extended.

Second. The rates of interest on deferred payments were changed.

Third. Payment of interest on partial payments between the time of such payments and the possession of property given.

Fourth. The extension of time for the giving of the mortgage.

Fifth. The extension of the time for the payment of the mortgage.

Sixth. The change in the amount of the mortgage.

Seventh. The stipulation relating to the improvement of the property to the extent of $25,000.

Eighth. The crediting of this amount on the penalty of the bond of $100,000, reducing the claim of the appellant to $75,000.

Ninth. The various dealings with regard to the original contract between Schapiro and Murphy, as syndicate managers, the Howard & Centre Realty Corporation, and the Academy of the Visitation.

The mere extension of the time for the payment of an obligation does not in itself create a novation, but when the terms of the contract, including an extension of time, are so extensively modified or changed, as appears to have been done in this instance, a different question from that of mere extension is presented. Schapiro and the appellant entered into a contract with various essential terms and conditions to accomplish their purpose, but in consequence of subsequent dealings between them and other parties, the situation is so altered, with respect to parties, subject-matter, terms, and conditions, as above stated, that it cannot then be contended there have not been material changes and alterations to such an extent that the original contract is practically extinguished by the substitution for it of a new one.

A novation presupposes a previous valid contract, the agreement of all the parties to the new contract, the validity of such new contract, and the substitution of the new for the old. These principles were laid down in the case of the *District National Bank of Washington v. Mordecai*, 133 Md. 419, 105 A. 586, 588, where it is said: "A 'novation' is a new contractual relation, and contains

four essential requisites: (1) A previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the validity of such new contract; and (4) the extinguishment of the old contract, by the substitution for it of the new one. *29 Cyc.* 1130. See also, *Pope v. Vajen,* 121 Ind. 317, 22 N. E. 308, 6 L.R.A. 688, and the cases there cited."

Applying these principles and testing the facts in the instant case by them, it is obvious that the contract of February 2nd, 1925, was a valid contract and that the new agreements were known and accepted by the parties to the original contract. The first was made between the appellant and the syndicate managers, of which Morris Schapiro was one. The second supplemental contract was made between the Howard & Centre Realty Corporation and the appellant, and Morris Schapiro was president of that corporation.

There is no question about the validity of the new contract, as evidenced by the two supplemental contracts and the dealings and conduct of the parties.

As to the extinguishment of the old contract by the substitution for it of the new one, thus creating the novation, this is not so easy of determination, but without repeating what we have previously said, the change of the situation of the parties and of the substance of the contract, the extension of various times for payment, the changing of sums to be paid at various times, the changing of the rate of interest to be paid, the surrendering of interest, and other changes, so alter the contractual relations that we can arrive at no other conclusion than there has been created a novation, in consequence of which Morris Schapiro was relieved of his obligations with regard to the tearing down or removal of the buildings on the property, the building of new structures, and the giving of the said bond.

Having arrived at this conclusion, the construction of his undertaking under the contract, with relation to the said buildings, the replacement, and the bond, need not

be further considered, as it is not essential to the decision in this case.

From our opinion here expressed, the judgment in this case must be affirmed.

*Judgment affirmed, the appellant to pay the costs.*