INDIANAPOLIS MORRIS PLAN CORPORATION *v.* MCATEE.

[No. 18,572.   Filed March 25, 1955.]

*Nathan Nisenbaum,* of Indianapolis, and *James D. Acher,* of Franklin, for appellant.

*Rochford & Rochford,* of Indianapolis, for appellee.

CRUMPACKER, J.—The appellant sued the appellee on a promissory note and the appellee answered in three paragraphs: the first of which is an unverified denial under Rule 1-3; the second pleads no consideration; and the third alleges payment. These issues were submitted

to a jury for decision and its verdict was for the appellee and the judgment of the court is that the appellant take nothing on its complaint. We are asked to reverse upon these propositions: (1) The verdict is contrary to law; (2) the court erred in the admission of certain testimony over the appellant's objections; (3) the court erred in overruling the appellant's motion for a directed verdict made at the conclusion of all the evidence; and (4) error in refusing to give certain instructions to the jury. We do not reach propositions 2, 3 and 4 because we are convinced that the verdict of the jury is contrary to law.

As background for this conclusion a review of the pertinent evidence becomes necessary. In October of 1946, the appellee purchased a new truck for use in his business. In order to raise the money to pay for it he borrowed the sum of $2250.22 from the appellant to which was added interest in advance and he executed his promissory note for the full amount payable in 17 monthly installments of $140 beginning December 7, 1946, and an 18th installment $93.02 due June 7, 1948. To secure the payment of this note the appellant took a chattel mortgage on the truck involved duly executed by the appellee. After having paid the first installment on said truck the appellee and one Charles E. Stein entered into an agreement whereby Stein was to pay the appellee the sum of $3500 for his business, inventories and equipment, including said truck, and assume appellee's debt to the appellant as evidenced by said note. This was agreeable to the appellee provided the appellant would release him from all liability by reason of said note and accept Stein as the debtor in his stead. To ascertain the appellant's attitude in this respect the appellee and Stein called at the appellant's office in Indianapolis and were informed,

by proper officers of the corporation, that Stein would be acceptable as a substitute debtor for the appellee and that all the appellee would have to do, as he expressed it, "was to sign some papers that would clear up any sale to Mr. Stein's company and a release that would permit the Morris Plan to transfer *that* from McAtee to the Fi-Blak" (Stein's corporation). Certain papers were prepared and the appellee signed them and he was told by the appellant that he could leave and that it would "finish the transaction with Stein at a later date." These papers were not introduced in evidence but we think it reasonable to infer that the word "that," which we have emphasized above, refers to the note in suit. Although Stein met the payments on the note due in January and February of 1947, there is no evidence in the record that he ever "finished the transaction" with the appellant in such manner as to obligate himself to pay either the appellee's debt or a substituted debt of his own. In fact the undisputed evidence is quite the contrary. Stein testified that he did not sign any note obligating either him or his corporation to the appellant in connection with this transaction nor did he otherwise agree to assume and pay the appellee's debt to the appellant. The March installment of the note in suit was not paid and the appellant seized and sold the truck involved and credited the proceeds of such sale on the note, all of which it had the right to do under the terms of its mortgage. This left a balance, due and unpaid, on said note in the sum of $1085.89 for which the appellant sued but was denied relief.

It is quite apparent, from this evidence, that if the appellee is to be released from the obligation sued on it can only be on the theory of an oral novation through the substitution of a new debtor. Any promise the appellant may have made to release

the appellee from all obligations to pay the note without the procurement of Stein as a substituted debtor was wholly without consideration as far as the evidence discloses and was not binding upon the appellant. *Kelso v. Fleming* (1885), 104 Ind. 180, 3 N. E. 830. Nor can it be said that the evidence supports a finding that the appellant renounced its rights against the appellee by reason of said note and thereby discharged him of any obligation to pay the same. The Negotiable Instrument Law of Indiana requires that such a renunciation be in writing and the instrument "delivered up to the person primarily liable thereon." Sec. 19-804, Burns' 1950 Replacement. There is no evidence of a written renunciation in this case and the note involved has remained in possession of the original payee since its execution.

In every novation there are four elements: (1) An existing and valid contract; (2) all parties must agree to the new contract; (3) the new contract must be valid; and (4) the new contract must extinguish the old one. *Pope v. Vajen* (1889), 121 Ind. 317, 22 N. E. 308. The most that can be said for the record in this case is that it discloses negotiations between the appellant, Stein, and the appellee wherein the appellant expressed a willingness to accept Stein as a substituted debtor for the appellee and Stein expressed a willingness to pay the appellee's debt to the appellant and, upon consummation of this arrangement by the execution of proper instruments for the purpose, the appellee was to be discharged from liability upon the note in controversy. Stein, however, repudiated the transaction before its consummation and thereby left no new contract to take the place of the old one. Thus there was no novation.

We have searched in vain for evidence to support a

verdict based on the appellee's answer of no consideration. The appellee borrowed $2,250 in cash from the appellant for which he executed the note in suit. He received the money and bought a truck with it, all of which the appellee admits. He claims however, that having sold said truck immediately thereafter and never having been in actual possession thereof and being discharged from liability on the note through novation, he received no real or actual consideration for its execution. This argument is so palpably fallacious that it needs little comment. An unnegotiated promissory note given without consideration and not claimed to be accommodation paper, is not a "valid and existing contract" and furnishes nothing upon which the doctrine of novation can operate. But even though the contention were sound, it could avail the appellee nothing as there was no novation established in the present instance.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 125 N. E. 2d 261.