It will admit of question, whether the matters involved in this appeal are not res adjudicata, so far as the parties to this action are concerned.
It did appear, upon the case which was before presented to this court, that the directors of the company presented to the Supreme Court and filed a verified petition, asking for the dissolution of the company, and that such proceedings were had thereon as that a receiver of its effects was appointed. And the dates were given, so that it appeared also that the transaction between Pardee and the defendant, in regard to the premium note took place on a day subsequent to the filing of that petition. These are the same facts upon which the plaintiff now makes his point, that that transaction was a transfer of the note, and was void as to the receiver and creditors. It is true that, in the opinions which were delivered, no notice is taken of the claim now made, that the agreement between Pardee and the defendant was a transfer of the premium note to the latter, after the filing of the petition, and that it was, therefore, within the inhibition of the statute. It is possible that the statute was not considered by the court in making its decision upon the former appeal; but that, if so, presented a case for a reargument, and not for another appeal upon the same facts. *Page 21 
It is quite clear, at all events, that this much was, by the former decision, finally adjudicated between the parties: that Pardee was the agent of the company and had authority from it to receive payment of assessments upon premium notes, to compromise demands thereon in its favor for insurance, and to agree to a surrender and cancellation of policies, and a corresponding cancellation and surrender of premium notes, upon the payment thereon of a sum less than the face thereof; so that, now, the only question which is presented in this branch of the case is, whether the action of Pardee, as the agent of the company, with the defendant, was in violation of the section of the statute called in aid of the plaintiff. That section is found in 2 Revised Statutes, page 469, section 71, and reads as follows: "All sales, assignments, transfers, mortgages and conveyances, of any part of the estate, real or personal, including things in action, of every such corporation, made after the filing of the petition for the dissolution thereof, in payment of or as security for any existing or prior debt, or for any other consideration, and all judgments confessed by such corporation after that time, shall be absolutely void as against the receivers who may be appointed on such petition, and as against the creditors of such corporation." The learned counsel for the plaintiff rests his argument upon the meaning of the word "transfers" in this section. He finds it necessary to claim a liberal meaning therefor, upon the ground that, though penal statutes are to be strictly construed, statutes against frauds are a satisfactory exception to the rule. But can the most liberal rendering of the word, give it the meaning of the extinguishment of a chose in action? The learned counsel would have it cover the action of a corporation, by which payment in part of a note by the maker, and the surrender and cancellation by him of the corresponding contract of the corporation, were received by it in satisfaction and extinguishment of the note. But if the transaction was an extinguishment of the note (which is res adjudicata) and is yet a transfer of it or a part of it, it is difficult to see why payment in full of the note in money, which is no more than *Page 22 
an extinguishment of it, would not also be a transfer of the whole of it. To make a distinction between the payment of the whole of a debt by a debtor, and the payment of a part of it by him which is taken in full satisfaction of it, one is forced to the position that, where there is such part payment and a relinquishment of the residue by the creditor, there is a passing over to the debtor of a part of the debt against himself, to be used and enjoyed and enforced against himself the same as the creditor could have done. This is contrary to all rules and results. One cannot, in the same right, occupy in relation to the same chose in action, the opposite positions of the creditor owner with the right to collect and enforce, and debtor owner with the liability to respond and pay. The only consistent conclusion is that, when the right to the chose in action passes from the creditor owner by virtue of a payment, whether in full or in part, by the debtor, it is extinguished and no longer exists as a right of property. There is no meaning of the word transfer which carries the idea of an act of extinction; or any other idea, than that of the bearing over of a right or title or property in a thing, from one to another. If the word is construed by its surroundings in the section, and they are all held to be ejusdem generis — which is a true rule of interpretation — the same result must follow. The associates of the word "transfers" are the words, sales, assignments, mortgages, and conveyances. Each of them has the meaning of a passing from one to another, in whole or in part, absolutely or upon conditions, of an existing right which shall survive the act of passing over. There is no meaning, in them of an extinguishment or satisfaction of the thing sold, assigned mortgaged or conveyed, which is the sole result of payment.
There is another consideration. It was not the object of the section above quoted, to debar a corporation from making collection of the debts due to it. There was no occasion therefor. When the debts are collected, the avails are property. Then the section acts, and forbids the assignment, etc., thereof. It could work no harm for the corporation to *Page 23 
collect debts, and to hold the avails unassigned and untransferred. The next section, the seventy-second, specifically provides that, "After the first publication of the notice of the appointment of receivers * * * every person indebted to such corporation shall account and answer for the amount of such debt * * * to the said receivers." Why the need of this provision, if the previous section had forbidden the payment of debts to the corporation at once, after the filing of the petition for dissolution? And moreover, it is so manifestly unjust to hold void a bona fide payment of a debt, made in ignorance of proceedings for a dissolution, and with no kind of notice given of them, and to continue the debtor's liability, that it needs a most explicit declaration of such purpose, before it can be attributed to the law-maker. And the same view applies to a fair and reasonable adjustment and compromise of an unliquidated claim, and the taking of an amount less than the nominal sum, and the surrender of mutual obligations, in complete satisfaction and extinguishment of counter liabilities. And further in support of this view, it is to be observed that the sales, assignments, transfers, etc., which are forbidden, are those made in payment or security for any existing or prior debt, or for any other consideration; and that, in the same connection, all judgments, confessed by the corporation after the filing of the petition, are declared to be void. But for the phrase, "or for any other consideration," the broadest interpretation would confine the seventy-first section, to an inhibition of those acts of a corporation by which it should seek to deal with or prefer creditors. And the chancellor, In re Waterbury (8 Paige, 380-382), said: "The object of the statute unquestionably was to prevent the corporation or its officers from doing any act by which one creditor should get a preference over another, with their assent." The application of the maxim noscitur a sociis,
would confine the force of that phrase to considerations, such as the payment or security, by the corporation, of a prior or existing debt. And then the inhibition of the statute, is limited to transactions designed to favor one or more creditors, to the *Page 24 
detriment perhaps of others. Without this limit to it, however, it is plain that no such interpretation should be given to the word "transfers," nor should it be applied to the action of the corporation through Pardee, its agent, with the defendant.
The judgment should be affirmed, with costs to the respondent.
All concur.
Judgment affirmed.