## SAMUEL A. MILES, Respondent, v. SPENCER D. MILES et al., Appellants.

Valuable Consideration — Conveyance of Real Estate.—Where a deed recites that the estate therein conveyed is subject to a mortgage, the acceptance of such deed by the grantee therein, and the subsequent payment by such grantee of the mortgage, in the absence of actual fraud, constitutes such a valuable consideration as will uphold the deed as against creditors, existing or subsequent, of the grantor.

Appeal from Multnomah County.

This is a suit in equity in the nature of a creditor's bill, to set aside a conveyance made by defendant, Spencer D. Miles, to defendant Laura Tredeau, and to subject certain real property described in that conveyance to the lien of a judgment obtained by plaintiff against said Spencer D. Miles. The amended complaint alleges in substance, that on the twenty-fourth day of March, 1875, the said Spencer D. Miles was the owner in fee-simple of certain lands described in the complaint; that he, on that day, by his deed, duly executed and recorded, conveyed said lands to appellant, Laura R. Tredeau, who was then unmarried, and whose name was then Laura R. Wetherbee, and who has since intermarried with defendant, Joseph Tredeau; that said Spencer D. Miles was at, and before, the time when he executed said deed, indebted to plaintiff in the sum of eight hundred dollars, for rent of certain premises of plaintiff formerly occupied by him, and in the sum of two hundred and sixty-seven dollars and fifty cents, upon a certain promissory note formerly given by him to one Ellerton, and by

said Ellerton assigned to said plaintiff, and that he was also indebted to other persons; that said deed was made without any consideration, and was contrived and intended by the said Spencer D. Miles to defraud plaintiff and his other creditors out of their debts. That plaintiff, on the eleventh day of February, 1876, recovered a judgment against Spencer D. Miles, defendant, in the circuit court for Multnomah county, upon the causes of action hereinbefore stated, and caused a transcript of said judgment to be filed in the county of Columbia, the county in which the land sought to be reached by this suit, is situated; that he caused an execution to be issued to enforce said judgment, and placed in the hands of the sheriff of Columbia county for service, and that the sheriff returned "*nulla bona*" on that execution; that since the rendition of the judgment, said Spencer D. Miles has never had any property out of which it could be satisfied in whole or in part.

The answer denies all the allegations of the complaint, except the alleged prior ownership of the land by S. D. Miles, and the issue and return of the execution against him; and the allegation that he had no other property. Defendant also alleges that the deed to Laura was taken, so far as she was concerned, in good faith; that there was a mortgage on the property when she received the deed, and that she has paid it off. The reply denies all new matter set up in the answer.

The complaint alleges that Girard, one of the defendants, who had taken a mortgage of the premises from Laura, took it with notice of the matters set up in the complaint. The answer denies such notice, and alleges that he took his mortgage in good faith, and without any notice of such matters. The court below found the deed from defendant S. D. Miles to defendant Laura R. Tredeau to have been made without any valid consideration, and as to defendants Laura R. and Joseph Tredeau, decreed that the land therein conveyed should be subjected to the lien of the judgment of the plaintiff, but it further found that at the time defendant Girard took his mortgage, he did so in good faith and

without notice of the invalidity of the deed to Laura, and sustained his mortgage.

Defendants, Joseph and Laura R. Tredeau, appeal to this court.

*Catlin & Killen,* for appellant.

*T. A. McBride,* for respondent.

By the Court, Watson, J.:

This suit comes to this court for trial anew on the pleadings and evidence forming part of the transcript. The decree of the court below sustains the mortgage in favor of defendant Girard; and as neither party appeals from that part of the decree, it need not be considered by us in this opinion. The first and most important question in this case, upon the decision of which the case mainly depends, is this: "Does the fact that the deed from Spencer D. Miles to Laura R. Tredeau, which is attached in this suit, recites and expresses that it is taken subject to a mortgage for the sum of five hundred dollars, which said Laura R. Tredeau afterwards paid, constitute a valuable consideration for the deed?" That the deed does so recite, and that she did pay that sum with interest, is alleged in the answer, and not denied in the reply. This question is important, because the complaint, while it charges that defendant, Spencer D. Miles, intended by the deed in dispute to defraud plaintiff and his other creditors, neither directly nor indirectly charges that said Laura R. Tredeau was a party to that fraud, or that she had any knowledge or notice of the fraudulent intent of her grantor. The deed is attacked solely upon the ground that it is a voluntary conveyance. On the other hand, defendants allege no other consideration than the said mortgage and its payment by defendant Laura, and they attempt to prove no other consideration.

We are not prepared to argue with counsel for appellant in the proposition, that when a deed recites that the premises therein conveyed are subject to a mortgage, the grantee, by accepting the deed, binds himself personally to pay the debt secured by the mortgage. The authorities

fully sustain the proposition, that when the deed not only recites the mortgage but adds that the grantee assumes it, he is personally bound if he accepts the deed. (1 Hill. on Mort. 357; 7 Cush. 133.) This obligation the law implies without any express promise. (9 Mass. 510.) We think this is as far as the cases go in support of the theory that by accepting a deed which expresses that the estate therein conveyed is subject to a mortgage, the grantee becomes liable to the mortgagee personally for the debt secured by the mortgage.

But while we hold that the mere acceptance by the grantee of a deed which expresses that the estate which it conveys is subject to a mortgage, will not render the grantee personally liable to the mortgagee for the mortgage debt, we are of the opinion that if in such case the grantee shall pay off the mortgage, such payment will, in the absence of any further explanation, be taken as a payment of so much of the purchase-money for the premises, and it will be a valuable consideration sufficient to uphold the conveyance. In this case the deed, in addition to the usual parts, contains a clause reciting that the premises are subject to a mortgage for five hundred dollars. Such a construction should be given the instrument as will give effect to all of its parts according to the intent of the parties. It is evident that at the time of the execution of the deed in dispute, the grantor thought of the mortgage, and caused a clause, reciting that the estate was subject to it, to be inserted, in order that the grantee might have notice of its existence, and might know that she could only enjoy the estate granted upon the condition that she should pay it off. We think that by accepting the estate upon this condition, while she did not render herself personally liable to the mortgagee, she at least placed herself in a position such as that she must lose the property or pay off the mortgage. Under these circumstances she actually did pay the mortgage, amounting, with interest, to the sum of five hundred and eighty-four dollars. Spencer D. Miles thus actually received by the payment of the debt which he owed the mortgagee for the land, the sum of five hundred

and eighty-four dollars, and the defendant Laura R. Tredeau actually paid that sum for the land. We think that when Spencer D. Miles made and Laura R. Tredeau accepted the deed, to set aside which this suit was brought, it may be reasonably presumed that they intended that she should pay off the mortgage, which the deed recited was upon the land, and that they intended that such payment should be deemed a payment of that amount of the purchase-money.

It is not necessary for us in this case to decide whether or not, as between Spencer D. Miles and Laura R. Tredeau, the said Laura, by accepting the deed in dispute, became liable to indemnify him against the mortgage, expressed in the deed to be a lien on the estate. That she did in fact pay it is, under the circumstances, in the absence of any proof of actual fraud, a sufficient consideration to uphold the deed. A number of other questions of law and of fact are presented by the transcript, but as our views expressed as to the sufficiency of the consideration are decisive of the main question in the case, we deem the examination of the other questions unnecessary.

It follows that the decree of the court below must be reversed, and that this cause must be remanded, with direction that the complaint be dismissed.