Decided at PENDLETON, 13 August, 1898.

## FARMERS' NAT. BANK *v*. GATES.

[54 Pac. 205]

ASSUMING PAYMENT OF MORTGAGE.*— One who accepts a conveyance of lands in which it is provided that the grantee shall assume the payment of a lien on such land makes the debt his own as though he had originally executed it: *Miles* v. *Miles*, 6 Or. 266, and *Walker* v. *Goldsmith*, 7 Or. 162, approved.

MORTGAGE FORECLOSURE—PARAMOUNT TITLE.—Where the owner of an upland bordering on a body of water mortgages such upland to one person and afterwards the land under the water to another, the owner of the first mortgage may properly in a foreclosure proceeding determine the extent and position of his rights as against the holder of the second mortgage. Such an adjudication will not be a violation of the rule against litigating questions of paramount title in mortgage foreclosures.

* NOTE.— The holding in the present case is in line with the authorities elsewhere as fully appears in the following annotated cases: *Enos* v. *Sanger*, 65 Am. St. Rep. 38, 37 L. R. A. 862; *Boone* v. *Clark*, 5 L. R. A. 276; *Gifford* v. *Corrigan*, 15 Am. St. Rep. 514, 6 L. R. A. 610; *O'Connor* v. *O'Connor*, 7 L. R. A. 3; *Rice* v. *Sanders*, 8 L. R. A. 315, 23 Am. St. Rep. 808; *Jefferson* v. *Asch*, 25 L. R. A. 275, 39 Am. St. Rep. 618; *Hare* v. *Murphy*, 29 L. R. A. 851; *Knapp* v. *Conn. Mut. Life Ins. Co.*, 40 L. R. A. 861.—REPORTER.

From Union : STEPHEN A. LOWELL, Judge.

Suit by the Farmers' & Traders' Nat. Bank of La Grande against Lavia A. Gates, the Western & Hawaiian Invest. Co., Lt., and others to foreclose a mortgage, consolidated with a suit of a similar nature by Jno. F. F. Brewster against the same persons.   The suit having been dismissed as to the Investment Co., plaintiff appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. J. D. Slater.*

For respondent, the Investment Co., there was a brief over the name of *Fenton, Bronaugh & Muir*, with an oral argument by *Mr. Earl C. Bronaugh, Jr.*

MR. JUSTICE BEAN delivered the opinion.

This is a suit to foreclose a mortgage, and the only question for our consideration is whether the court below erred in dismissing the suit as to the Western & Hawaiian Investment Company, Limited.   The facts necessary to an understanding of the question, as they appear from the pleadings, are that in July, 1891, the defendant Vina Gates and her husband mortgaged to the plaintiff's assignor certain real property, including lots 1 and 2 in section 29, township 3 south, of range 39 east, and on April 27, 1892, conveyed the same to the defendant Nodine by a deed containing a stipulation wherein he assumed and agreed to pay the mortgage as part of the purchase price.   As shown by the public surveys, the premises referred to are bounded on the south by Tule Lake, which the plaintiff claims and alleges to be a nonnavigable body of water, but which, according to defend-

ants' allegations, is swamp and overflowed land. At the time of Nodine's purchase from Mrs. Gates, he had, or soon thereafter obtained, a deed from the state for the bed of the lake as swamp land, and on July 14, 1893, mortgaged the portion thereof immediately in front of the premises described in plaintiff's complaint, and below the meander line, to the defendant corporation. The plaintiff thereafter began this suit to foreclose its mortgage; and assuming that, under the doctrine of riparian rights, its mortgage covers the land to the middle of the lake, made the defendant corporation a party, as a subsequent mortgagee. But the court below held that the question of title thus presented could not be tried in this suit, and dismissed the complaint as to the defendant corporation.

It is familiar doctrine that a suit to foreclose a mortgage is not an appropriate proceeding in which to litigate questions of adverse or paramount title ( 2 Jones, Mortg. 1445 ; *San Francisco* v. *Lawton*, 18 Cal. 465, 79 Am. Dec. 187 ; *Banning* v. *Bradford*, 21 Minn. 308, 18 Am. Rep. 398 ; *Summers* v. *Bromley*, 28 Mich. 125 ) ; and it is sought to invoke this principle in support of the rulings of the court below. But the question here presented is of an altogether different character. It is practically, as we view it, a controversy between mortgagees claiming under the same mortgagor, and not adversely to him. It is true, plaintiff's mortgage was not executed by defendant Nodine ; but, by the terms of the conveyance from Gates, he assumed and agreed to pay it as part of the purchase price, and thus made it his own as effectually as if he had executed it himself. *Miles* v. *Miles*, 6 Or. 266 ( 25 Am. Rep. 322 ) ; *Walker* v. *Goldsmith*, 7 Or. 161 ; *Alvord* v. *Spring Valley Gold Co.*, 106 Cal. 547, ( 40 Pac. 27 ) ; *Burbank* v. *Roots*, 4 Colo. App. 197, ( 35 Pac. 276 ) ; *Clark* v. *Fisk*, 9 Utah, 97, ( 33 Pac. 248 ). So that

the case stands substantially as if Nodine, being the owner of the upland bounded by Tule Lake, by purchase from Gates, and having a deed to the bed of the lake from the state, as swamp and overflowed land, had mortgaged the upland according to legal subdivisions to plaintiff, and subsequently the bed of the lake immediately in front thereof to the defendant. Under such circumstances, it seems to us the plaintiff would have a right, in a suit to foreclose its mortgage, to litigate and have tried and determined, as between it and the defendant, the question as to whether there is any conflict in the mortgages of the respective parties ( *Board of Sup'rs of Iowa Co.* v. *Mineral Point R. Co.*, 24 Wis. 121 ) ; *Baass* v. *Chicago & N. W. Railway Co.*, 39 Wis. 296 ) ; and such is practically the question here presented. The decree of the court will therefore be reversed, and the cause remanded, with direction to try out the questions in controversy between the parties.

REVERSED.

Decided at PENDLETON, 13 August, 1898.