IN THE

# SUPREME COURT

OF

# OREGON.

Decided 16 August, 1901.

## WINDLE v. HUGHES.

[65 Pac. 1058.]

MORTGAGES—ASSUMPTION BY GRANTEE—DEFICIENCY JUDGMENT.

1. Where a grantee accepts a deed containing a provision that the land is incumbered by a specified mortgage, which is to be paid by him as a part of the price, he thereby assumes the debt, and a personal judgment for the deficiency may be entered against him on foreclosure.

ASSIGNABLE COVENANT.

2. Where a mortgagor covenants to pay all taxes on the mortgage and the property, and that if not paid before they are delinquent the mortgagee may pay, and the amounts so paid shall be added to the debt and be secured by the mortgage, such covenant is binding on a grantee of the premises who assumes the payment of the mortgage, and also inures to the benefit of an assignee of the mortgage.

REPEALING STATUTE—EFFECT BY RELATION.

3. Ordinarily, the repeal of a statute does not affect proceedings that have been initiated under it, as they will, under the doctrine of relation, be considered as having been done at the time they were commenced; thus, the repeal of the mortgage tax law did not affect the duty to pay or right to collect taxes which had been levied prior to the repeal: *Smith* v. *Kelly,* 24 Or. 464, applied.

From Multnomah: JOHN B. CLELAND, Judge.

Suit by James C. Windle against Ellis G. Hughes and others to foreclose a mortgage. Hughes alone defended, and appeals from a decree and personal judgment against him.

AFFIRMED.

For appellant there was a brief over the names of *R. & E. B. Williams* and *Ellis G. Hughes,* with an oral argument by *Mr. Hughes in pro. per.*

For respondent there was a brief and an oral argument by *Mr. William Y. Masters.*

MR. JUSTICE WOLVERTON delivered the opinion.

This is a suit to foreclose a mortgage executed March 8, 1892, by H. J. Hefty and Agatha, his wife, to Emma Jones, to secure payment of a promissory note given at the same time by Hefty to Jones for $4,000. The mortgage contains a covenant that the mortgagors will pay all taxes and assessments that may be lawfully assessed or levied against the mortgagee or assigns on account of the said note or mortgage, and all taxes and assessments that may be lawfully levied upon or against said land, when the same become due and payable, and not later than ten days before the same become delinquent, and that, in case the mortgagors shall fail or neglect to pay said taxes and assessments as thus provided, the mortgagee may pay the same; and the mortgagors agree to repay the amount so paid at the same time and with the first installment of the interest falling due thereafter, and that the same shall become a part of the debt secured by the mortgage, and a lien upon the land. Hefty and wife made a conveyance of the land to the defendant Ellis G. Hughes on June 7, 1895, containing the following covenant or provision, viz.: "Said property is to be free of incumbrance, save and except a certain mortgage for four thousand dollars ($4,000) made by the parties of the first part hereto on the 8th day of March, 1892, in favor of Emma Jones, * * * and which remains a lien on the aforesaid property, and is to be paid by the party of the second part, with all interest accruing thereon from and after the 8th day of June, 1895, and as part of the purchase price of the property hereby conveyed." On September following, Emma Jones assigned the note and mortgage to the plaintiff. A decree was rendered foreclosing the mortgage,

and against Mr. Hughes personally for the balance due on the note, and attorney's fees, and for certain taxes, namely, $84.45, state, county, and school taxes, for Multnomah County, upon the mortgage, for the year 1892; $41.05, state, county, road, Port of Portland and school district taxes for the year 1897, and the City of Portland taxes for the year 1898, upon the property described in the mortgage, which were due and unpaid on April 28, 1899, at which date plaintiff paid them; and for the further sum of $48.95, state, county, and road taxes for Port of Portland, and school district taxes for the year 1896, and the City of Portland taxes for the year 1897, upon the property, which were delinquent and unpaid on December 31, 1898, and by plaintiff paid and discharged on that date. From this decree, Hughes appeals.

The grounds of error relied on by appellant for a reversal of the decree are as follows: (1) That respondent is not entitled to recover a personal judgment against him for anything; (2) that he is not entitled to recover, either from him or out of the mortgaged property, the sum of $84.45, claimed to have been paid by him on the twenty-eighth day of April, 1899, as for a tax on the mortgage for the year 1892; (3) that he is not entitled to recover, either from him or out of the mortgaged premises, the sums claimed to have been paid by him for the taxes on the land. We will discuss these in their order.

1. Appellant insists that the covenant or stipulation in the deed or conveyance by Hefty and wife to him of the premises is not sufficient to render him personally liable to the mortgagee or her assignee. We are of the opinion, however, that it is ample for the purpose. Briefly, the covenant or provision is that the mortgage remains a lien on the property, and "is to be paid by the party of the second part (Hughes), with all interest accruing thereon from and after the eighth day of June, 1895, and as part of the purchase price of the property hereby conveyed." In *Sparkman* v. *Gove,* 44 N. J. Law, 252, a ·deed was given, "subject to certain mortgages now liens," etc., "one to secure," etc., "the other to secure the payment of the sum of $3,000, with interest, and which

mortgages are assumed by the party of the second part;" and it was held to warrant a personal judgment against the grantee. So, in *Burr* v. *Beers,* 24 N. Y. 178 (80 Am. Dec. 327), the deed was "subject to two mortgages (describing them), which mortgages are deemed and taken as a part of the consideration of this conveyance, and which the party of the second part hereby assumes to pay;" and this was held to create a personal obligation, which the mortgagee could enforce against the grantee. And, again, in *Schmucker* v. *Sibert,* 18 Kan. 104, 111 (26 Am. Rep. 765, 769), Mr. Justice BREWER says "that the acceptance of a deed which in terms provides that the grantee shall pay off a certain incumbrance is an undertaking by the grantee to pay the incumbrance, and an undertaking which may be appropriated by the holder of the incumbrance, and upon which he may maintain an action." And in *Young Men's Association* v. *Croft,* 34 Or. 106, 111 (75 Am. St. Rep. 568, 55 Pac. 439, 440), Mr. Justice MOORE, delivering the opinion, says that "where the grantor is in equity bound to pay the debt as his own, the covenant of his grantee to discharge the obligation constitutes a promise made for the benefit of the holder of the mortgage, which he may enforce, although the primary object of the grantor in exacting the covenant was to protect himself against his personal liability for the debt, which was a charge upon the mortgaged premises." Other cases to the same purpose are *Locke* v. *Homer,* 131 Mass. 93 (41 Am. Rep. 199); *Campbell* v. *Shrum,* 3 Watts, 60; *Crawford* v. *Edwards,* 33 Mich. 354; *State ex rel.* v. *Davis,* 96 Ind. 539; *Thompson* v. *Dearborn,* 107 Ill. 87.

The cases cited by the appellant are distinguishable from these, as they are based upon conveyances containing no stipulation requiring the grantee to pay the debt: *Belmont* v. *Coman,* 22 N. Y. 438 (78 Am. Dec. 213); *Equitable Life Assur. Soc.* v. *Bostwick,* 100 N. Y. 628 (3 N. E. 784); *Fiske* v. *Tolman,* 124 Mass. 254 (26 Am. Rep. 659). The conditions are present in the case at bar for imposing a personal liability upon the appellant. There was an intent by the mortgagors to secure a benefit to the mortgagee, between whom there was

a privity existing, and an obligation from the former to the latter which gave him a legal claim to the benefit [*Brower Lumber Co.* v. *Miller,* 28 Or. 565 (43 Pac. 659, 52 Am. St. Rep. 807); *Vrooman* v. *Turner,* 69 N. Y. 280 (25 Am. Rep. 195)], which, together with the undertaking that the mortgage is to be paid by the grantee, leaves no doubt touching his personal liability. The acceptance of the deed alone, containing the provision, without else, is all that is necessary to impose the obligation: 1 Jones, Mortgages (4 ed.), § 752; *Sparkman* v. *Gove,* 44 N. J. Law, 252. So that the personal decree, so far as it relates to the liability to pay the principal and interest thereon, was properly rendered against the appellant.

2.  The second objection relates to the taxes levied against the mortgage, and is based upon the idea that the covenants therein concerning the taxes are personal between the mortgagors and the mortgagee, and that the appellant has not by reason of the stipulation in the deed obligated himself to pay them, even if the provision is broad enough to hold him to a personal liability as to the debt, with interest; and it is further insisted that the repeal of the mortgage tax law rendered the tax uncollectible and nugatory. The covenant of the mortgagors to pay the taxes stands upon a like footing as their covenant to pay the amount of the note and interest, and inures to the benefit of an assignee of the mortgagee, as well as the latter. The purpose of the mortgage was to secure the payment of the taxes, as well as the note; and if, under its conditions, the mortgagee was required to pay them to prevent their becoming a lien upon the land, they became a part of the mortgage debt, to be discharged like the debt itself. With an assignment, therefore, of the mortgage, the assignee took the place of the mortgagee, and was entitled to enforce a like performance of the covenants on the part of mortgagors as the mortgagee herself. In this view, when the appellant assumed to pay the mortgage he undertook to discharge the conditions thereof relative to the payment of the taxes and assessments, also. The reference in the provision in question in the deed to accruing interest from June 8, 1895, was made, no doubt, as a

measure of the consideration for the conveyance, but does not otherwise limit the scope of the grantee's undertaking.

3. Nor does the repeal of the mortgage tax law affect the matter, as such repeal did not terminate the right to collect the taxes then accrued thereunder: *Smith* v. *Kelly*, 24 Or. 464 (33 Pac. 642). What has been said disposes of the third objection, also; and, finding no error in the record, the decree of the court below will be affirmed.        AFFIRMED.