Argued 18 April, decided 25 June, 1907.

**MILES v. BOWERS.**

90 Pac. 905.

NOVATION—NECESSITY OF MUTUAL AGREEMENT.

1. A valid novation cannot be accomplished without an agreement of the parties to extinguish the old debt and substitute for it a new debt against another party, which is not accomplished by the mere assumption of the existing debt by a third party.

The proprietors of a business sold it and the property used therein to a corporation, which, in consideration thereof, agreed to pay a claim against them for goods sold to them and used in the business. Thereafter the sellers of such goods, for a valuable consideration, executed and delivered to the former proprietors a writing reciting that the sellers agreed "to transfer the account" to the corporation. *Held,* that the facts did not show a novation releasing the proprietors from the claim of the sellers.

CONTRACTS FOR BENEFIT OF THIRD PERSONS—ASSUMING DEBTS.

2. Where a third party receives property in consideration of which he agrees to pay certain debts of his grantor, the owners of such debts at once obtain an additional right, that of suing the grantee; but such an agreement does not release the grantor.

Appeal—Remanding With Direction as to Judgment.

3. In an action tried without a jury, where the material facts have been determined, but the conclusions are erroneous, the better practice is to remand the case with directions to enter a correct judgment rather than for a new trial.

Interest on Accounts.

4. Interest on an unsettled amount or from an unsettled date is not recoverable in this state.

From Multnomah: Alfred F. Sears, Jr., Judge.

Statement by Mr. Commissioner Slater.

The Z. C. Miles & Piper Co., a corporation, brought this action to recover the balance due upon an account for goods furnished defendants, H. C. Bowers and A. A. Wright, as partners, in March, 1903, of the alleged value of $4,078.42, on which there had been paid the following amounts: April 6, 1903, $500, April 23, 1903, $500, and November 23, 1903, $1,282.54, leaving due after crediting $25.88 for goods returned, the sum of $1,770, for which judgment is demanded, with interest from May 1, 1903, to November 23, 1903, on the sum of $2,982.54, and from November 23, 1903, on $1,770. The defendants answered jointly, denying all the allegations of the complaint, but affirmatively alleged in effect that the goods mentioned were sold to defendant Wright alone, who made the first two payments thereon; that on May 1, 1903, Wright sold and transferred to the Knickerbocker Hotel Co., a corporation, organized for the purpose of taking over his property, his lease of and property rights in the Knickerbocker Hotel in Seattle, Washington, for which business the goods sold by plaintiff had been bought by Wright; that the Knickerbocker Hotel Co. contracted and agreed, as a part of the consideration to be paid for the property, to assume and pay all of the outstanding debts and liabilities of Wright in connection with that hotel business, including plaintiff's claim; that on May 1, 1903, plaintiff was informed of the sale and agreement, and consented thereto, and agreed with Wright and the purchaser that, in consideration thereof, it would release Wright and accept the company as its debtor, and that plaintiff did release Wright and transferred its account to the hotel company with the latter's consent; that subsequently the

plaintiff presented for payment to the receiver for the hotel company a claim based on the account in suit, and was paid thereon by the receiver the sum of $1,282.54. A general demurrer to the answer was interposed, which having been overruled the plaintiff replied, denying all of the affirmative allegations of the answer. A jury having been waived by the parties, the cause was tried before the court, which rendered findings to the effect that goods to the amount alleged were sold by plaintiff to the defendants as partners, and no payments had been made, except as stated in the complaint; that the Knickerbocker Hotel Co. was organized in April, 1903, under the laws of the State of Washington, and approximately one-half of the stock was issued as fully paid and nonassessable to each of the defendants; that the hotel previously conducted by the defendants was sold and transferred to the corporation in payment for their stock, and as a part consideration therefor, on May 6, 1903, the corporation assumed and agreed to pay plaintiff's claim against defendant; and that on May 14, 1903, plaintiff signed and delivered to defendants the following writing:

"Z. C. Miles & Piper Co., for and in consideration of the sum of one ($1.00) dollar, the receipt whereof is hereby acknowledged, do hereby agree to transfer the account of H. C. Bowers and A. A. Wright, or the Knickerbocker, to Knickerbocker Hotel Co.; but nothing herein shall be construed as a waiver of our right of lien as it now exists.

Z. C. Miles & Piper Co.,
By T. S. Semple, Secy.

Dated at Seattle this 14th day of May, 1903."

From these findings the court drew the legal conclusion that the facts constituted a novation and operated as a release of the defendants, and as a substitution of the Knickerbocker Hotel Co. as debtor to plaintiff; and, based thereon, judgment was entered in favor of defendants for costs, from which plaintiff appeals, assigning as errors the overruling of the demurrer to the answer, the court's refusal to make additional findings requested by plaintiff, the making of the conclusion of law referred to, and the awarding of judgment on the findings in favor of defendants.                                         REVERSED.

For appellant there was a brief over the names of *Platt &
Platt* and *Shank & Smith*, with an oral argument by *Mr. Harrison Gray Platt.*

For respondents there was a brief over the name of *Watson & Beekman,* with an oral argument by *Mr. Benjamin B
Beekman.*

Opinion by MR. COMMISSIONER SLATER.

The ruling on the demurrer and the sufficiency of the findings are brought in question by the errors assigned; but assuming, for the purpose of the opinion, that the affirmative answer states a defense of novation and a release of the defendant Wright—which we do not think it does—and passing over, as unnecessary to determine, the court's refusal to make additional findings, we are of the opinion that the facts as found will not support the judgment as entered, but that a judgment in favor of plaintiff and against both defendants jointly and severally, for the amount found to be due plaintiff, is the legal sequence of the facts found.

1. The plea of novation confesses the debt, but avoids it by a release and by a substitution of a new debtor and a new debt; and hence the affirmative is upon the defendants to establish the plea, or judgment must necessarily go against them: 21 Am. & Eng. Enc. Law (2 ed.), 671. Novation is defined as the substitution of one obligation for another, and takes place either by substitution of a new for an old party or by the substitution of a new agreement between the old parties, or it may be by a change both of parties and agreement at the same time, as in the present case: 21 Am. & Eng. Enc. Law (2 ed.), 660. One of the essential elements to a novation is that there should have been an extinguishment of the old debt, and another is that there should have been a mutual agreement between all of the parties that the old debt should become the obligation of a new debtor: 21 Am. & Eng. Enc. Law (2 ed.), 662; *Kelso* v. *Fleming,* 104 Ind. 181 (3 N. E. 830). When the court found, as it did in the fifth finding, to the effect that the defendants sold and transferred their hotel business to the corporation in pay-

ment for their stock; that, as a part of the consideration therefor, the corporation assumed and agreed to pay the obligations incurred by defendants in their hotel business, including plaintiff's claim; and that on May 6, 1903, the corporation, by virtue of its promise, became liable for and agreed to pay plaintiff's demand—it expressly bases the consideration of the new promise upon the value of the goods and hotel business purchased, and thereby the court has also impliedly excluded from being a part of that consideration the extinguishment of the defendants' obligation and the release of the defendants  It nowhere appears, expressly or by necessary inference, that the parties to the contract of sale intended that the defendants should be released from their obligation to plaintiff; but the only legal inference deducible therefrom is that the corporation was to be and became the principal debtor, and the defendants were to be and became sureties in respect to the plaintiff's demand: *Haas* v. *Dudley,* 30 Or. 355 (48 Pac. 168) ; *Farmers' Nat. Bank* v. *Gates,* 33 Or. 388 (54 Pac. 205: 72 Am. St. Rep. 724) ; *Windle* v. *Hughes,* 40 Or. 1 (65 Pac. 1058) ; *Hoffman* v. *Habighorst,* 49 Or. 379 (89 Pac. 952, 91 Pac. 20).

But it is contended by defendants that on May 14, 1903, plaintiff having knowledge of the collateral agreement of May 6, 1903, by which the corporation agreed to assume and pay the defendants' debt to plaintiff, it agreed to accept the corporation as its debtor and to release defendants, and, by executing the instrument set forth in the sixth finding, did release defendants. The court, however, has made no finding other than that plaintiff signed and delivered to defendants such instruments, and, unless it follows as a necessary legal inference therefrom, it nowhere appears as a fact found by the court that plaintiff ever agreed to or did release defendants, or that it was a part of the agreement of sale between defendants and the purchasing corporation that defendants were to be released by plaintiff.  Can such inference be drawn from the wording of the instrument? We think it cannot.  It appears upon its face to be an agreement by plaintiff, for the consideration of $1 received, to

transfer, and not a transfer of, the account of H. C. Bowers and A. A. Wright to Knickerbocker Hotel Co. It is wholly executory. If plaintiff has not transferred the account, the title thereto must still be in it, and to that extent there would be a breach of its contract. But it is argued in effect that the word "transfer" means an extinguishment of the liability of defendants to plaintiff, and a substitution therefor by plaintiffs of a claim against the corporation. Such meaning, however, cannot be derived from the word "transfer." "It does not include the extinguishment or satisfaction of a chose in action," says Mr. Justice FOLGER, in *Sands* v. *Hill,* 55 N. Y. 18, "either by payment in full or by part payment, which is taken in full satisfaction. There is no meaning of the word 'transfer' which carries the idea of an act of extinguishment, or any other idea than that of a passing over of a right of title or property in a thing from one to another."

2. The court has found that the Knickerbocker Hotel Co. bought and received defendants' goods, and, as a part of the consideration therefor, agreed to pay defendants' debt to plaintiff. The agreement of assumption inured at once to plaintiff's benefit. It was an executed consideration as to the Knickerbocker Hotel Co., and without further promise it was legally bound to pay plaintiff the amount of defendants' debt: *Baker* v. *Eglin,* 11 Or. 334 (8 Pac. 280) ; *Washburn* v. *Interstate Invest. Co.* 26 Or. 436 (36 Pac. 533, 38 Pac. 620) ; *Feldman* v. *McGuire,* 34 Or. 309, 312 (55 Pac. 872). This obligation on the part of the Knickerbocker Hotel Co. to pay defendants' debt to plaintiff, being absolute and not conditional, would not support a subsequent agreement by plaintiff based on such promise as a consideration to release defendants, if one were made.

The court found that the Knickerbocker Hotel Co. on May 6, 1903, assumed and agreed to pay defendants' indebtedness to plaintiff, and also found that on May 14, 1903, for the consideration of $1 paid to it, plaintiff agreed to transfer the account of Bowers & Wright to the Knickerbocker Hotel Co.; but these are separate and independent transactions. Neither appears to be connected with or based upon the other. Each is based upon

an express consideration, which excludes the idea that one was
to be the consideration for the other. The plaintiff was not a
party to the former, nor was the Knickerbocker Hotel Co. a
party to the latter agreement, and hence there has not been an
agreement or concurrence of the minds of all parties to the
release of defendants, even if the instruments in question should
be given the construction asked for by them. There having been
no agreement by plaintiff to release defendants and no release
by plaintiff, there could not have been a novation in law as
found by the court: *Kelso* v. *Fleming,* 104 Ind. 180 (3 N. E.
830); *Hayward* v. *Burke,* 151 Ill. 121 (37 N. E. 846); *Davis*
v. *Hardy,* 76 Ind. 273.

3. The conclusion of law found by the court not being deduci-
ble from its findings of facts, the judgment based thereon cannot
stand; but, the facts found being sufficient to support a judg-
ment in plaintiff's favor, it is the better practice for this court
to correct the conclusions of law by directing what judgment
shall be entered: *Coulter* v. *Portland Trust Co.* 20 Or. 469 (26
Pac. 565, 27 Pac. 266); *Pacific Lum. Co.* v. *Prescott,* 40 Or.
374 (67 Pac. 207, 416). The court having found that at the
special instance and request of the defendants, as partners, the
plaintiff sold and delivered to them goods, wares and merchan-
dise, and furnished labor and material of the reasonable and
agreed value of $4,078.42, and that plaintiff has not been paid
said amount, except the aggregate amount of $2,282.54, and, in
addition thereto, defendants returned and plaintiff accepted and
gave credit for merchandise to the amount of $25.88, the plain-
tiff is entitled to judgment against each of the defendants for
the balance due, viz., $1,770.

4. The court having made no finding as to when the balance
due on this account became a settled and liquidated amount be-
tween the parties, the plaintiff would not be entitled to recover
anything as interest.

It follows that the judgment of the lower court should be re-
versed, and the cause remanded, with directions to enter judg-
ment in favor of plaintiff and against each of the defendants for
the sum of $1,770, with costs and disbursements.

REVERSED.