Argued January 27, reversed February 23, 1927.

F. H. BLAKE *v.* ADDIE S. KIMBLE ET UX.

(253 Pac. 522.)

Mortgages—Assignee Who had Mortgagors Convey Mortgaged Premises to His Son Subject to Mortgage Under Agreement to Surrender Debt Could not Recover on Notes.

1. Where assignee of mortgage agreed to pay nominal sum for mortgagors' conveyance of mortgaged property and to surrender notes and mortgage therefor, assignee could not, after having conveyance made to son, recover on mortgage notes, as mortgage debt is presumed to have been included in purchase price on conveyance of property subject to mortgage for nominal consideration, and as assignee could not profit by his own wrong in failing to surrender notes as agreed.

Mortgages—Mortgagors Held Entitled to Cancellation of Notes and Mortgage Covering Premises Which They Conveyed to Assignee's Son in Return for Agreement to Cancel Indebtedness.

2. In suit by assignee of mortgage against mortgagors on notes, waiving security, mortgagors were entitled to have notes and mortgage canceled, where mortgagors had conveyed premises for nominal consideration to assignee's son, subject to mortgage, with understanding that assignee was to surrender notes and extinguish mortgage indebtedness.

Estoppel—Mortgagors Held not Estopped by Warranty in Deed to Son of Assignee to Assert Claim for Cancellation of Debt Which Assignee Promised in Return for Conveyance.

3. In suit by assignee of mortgagee on notes, waiving security, mortgagors *held* not estopped by warranties in deed, which they executed to assignee's son, subject to mortgage, in return for nominal consideration and assignee's promise to extinguish mortgage indebtedness, to assert claim for cancellation of notes and mortgage.

**Equity—Equity will not Relieve from Consequences of One's Own Wrongdoing.**

4. Equity will not lend aid to relieve party from consequences of his own wrongdoing.

**Mortgages—Purchase by Assignee of Mortgaged Premises for Himself in Son's Name Extinguished Mortgage Debt, Where Conveyance was for Nominal Consideration, Subject to Mortgage.**

5. Where assignee of mortgagee had mortgagors make conveyance to son for nominal consideration, subject to mortgage, under which assignee became real owner, mortgage debt was extinguished under general principle that mortgagee's purchase of equity of redemption extinguishes mortgage debt.

**Estoppel—Mortgagors, Executing Warranty Deed to Stranger in Return for Assignee's Promise to Cancel Debt, Held not Estopped by Warranty to Assert Claim Against Assignee.**

6. Where assignee of mortgagee had mortgagors make conveyance to third party for nominal consideration, subject to mortgage, to which deed assignee was stranger, mortgagors were not estopped as against assignee to assert claim for cancellation of notes and mortgage by fact that deed to third party contained warranty, as only parties to deed and those in privity with them can be bound by or take advantage of estoppel created by deed.

**Estoppel—Only Parties to Deed and Those in Privity can Assert Estoppel by Deed.**

7. Only parties to deed and those in privity with them can be bound by or take advantage of estoppel by deed.

**Mortgages—Allowing Assignee Recovery on Notes and Granting Mortgagors Subrogation Under Mortgage Held Error, Where Conveyance by Mortgagors to Assignee's Son Contained No Recital That Grantee Assumed Indebtedness.**

8. In suit by assignee of mortgage on notes, waiving security, in which mortgagors sought cancellation, granting judgment on notes with right of subrogation to mortgagors under mortgage, *held* error where mortgagors conveyed mortgaged premises to assignee's sons in return for assignee's promise to cancel indebtedness, deed being subject to mortgage without recital that grantee assumed mortgage indebtedness, as under such circumstances only persons who could be liable for payment of notes were mortgagors.

Cancellation of Instruments, 9 **C. J.**, p. 1256, n. 17.
Estoppel, 21 **C. J.**, p. 1103, n. 65.
Equity, 21 **C. J.**, p. 182, n. 98.
Mortgages, 41 **C. J.**, p. 716, n. 64, 65, 66, 70, p. 717, n. 79, p. 737, n. 77, p. 738, n. 7, p. 775, n. 779, p. 776, n. 92, 93, p. 779, n. 30, p. 780, n. 34.
Subrogation, 37 **Cyc.**, p. 374, n. 55, 56, p. 375, n. 60.

4. See 10 **R. C. L.** 389.
5. See 19 **R. C. L.** 486.
7. See 10 **R. C. L.** 840.

From Multnomah: DALTON BIGGS, Judge.

Department 2.

Defendants purchased from one Winesett, certain real property in Umatilla County, Oregon, paying therefor, partly in cash and partly by the execution and delivery of certain promissory notes secured by a mortgage upon the premises. Plaintiff purchased the notes and mortgage from Winesett. Defendants being in default, and a foreclosure being threatened, sold and conveyed the premises to plaintiff, plaintiff paying therefor $350, and according to defendants' testimony and that of their son, promised to satisfy the debt for which the mortgage had been given, and to surrender up and cancel the notes and mortgage. The deed recited that the conveyance was made subject to the mortgage and contained a covenant that the defendants would warrant and defend the premises against the lawful claims and demands of all persons whomsoever. At the time the deed was executed by the defendants, at plaintiff's request, the name of the grantee in the deed was left blank and the deed was delivered by defendants to a third party with authority upon his part to fill in as grantee therein the name of the person to be designated by plaintiff. Plaintiff designated the name of his son, whose name was inserted in the deed and the deed was then delivered to plaintiff, who paid the amount agreed upon, but failed to surrender up and deliver the notes, or to satisfy and discharge the mortgage. Plaintiff commenced this suit by filing a complaint on the law side of the court, alleging that he waived the mortgage security and demanded judgment for the amount of the notes. Defendants answered, admitting the execution of the notes and mortgage, and set

up by way of a cross-complaint, plaintiff's contract to deliver up and surrender the notes, his failure to perform, and prayed the alternative relief of cancellation of the notes, or failing that, that defendants be subrogated to the rights of the plaintiff in the mortgage security. The cause was put at issue by a reply, which denied the material allegations of the answer. The Circuit Court entered a judgment against the defendants for $4,950, the amount of the notes, with interest, costs and attorney's fees, and decreed that defendants be subrogated to the rights of the plaintiff under the mortgage, and from this decree defendants have appealed.     REVERSED.

For appellants there was a brief and oral argument by *Mr. Keith A. Caldwell.*

For respondent there was a brief and oral argument by *Mr. Leo J. Hanley.*

RAND, J.—1, 2. The testimony tending to support the affirmative allegations of the answer is clear and convincing. Both of the defendants, as well as their son, testified that in order to avoid the necessary costs and expenses of a foreclosure suit, plaintiff offered to pay for a conveyance of the premises the sum of $350, surrender up and deliver said notes to defendants and to extinguish the mortgage indebtedness; that they accepted the offer and executed and delivered the deed to a third party for plaintiff in performance of said agreement and that plaintiff paid said party for defendants, the sum of $350, but failed to surrender up and deliver the notes or to satisfy the mortgage. While this testimony is contradicted by plaintiff, his testimony is not satisfactory, and wholly fails to explain why defendants should convey away a valuable

property for the trifling sum of $350, and leave themselves liable for an indebtedness thereon aggregating more than $5,000. There is nothing in the record tending to show that the mortgage debt was not included in the purchase price, or which in any way rebuts the presumption that it was included in the purchase price under the rule stated in 41 C. J., p. 716, as follows:

"It is presumed that a purchaser subject to a mortgage bought the land at its value, less the amount of indebtedness secured by the mortgage. So where a conveyance subject to a mortgage states a nominal consideration, the mortgage debt will be presumed to have been included in the purchase price. Such a presumption does not arise where the purchaser paid the full amount agreed upon for a clear title."

3. Plaintiff contends that by the terms of the warranty contained in the deed defendants are estopped to assert any defense to plaintiff's enforcement of the mortgage indebtedness. Under the facts proven, this contention cannot be sustained. If plaintiff had complied with his agreement there would have been no notes or mortgage to stand in the way of the covenant contained in the deed. That covenant was entered into in reliance upon plaintiff's promise to surrender up and cancel the notes and mortgage. Having failed to perform, he brought about the very condition about which he now complains.

4–7. Equity will not lend its aid to relieve a party from the consequences of his own wrongdoing. The contention implies that plaintiff is the owner of the premises, for otherwise he could have no interest in the covenant. If plaintiff, although the title is nominally in the name of the son, is the real owner of the premises, the transaction would bring the case

within the general principle that where the mortgagee purchases the equity of redemption, he thereby extinguishes his debt and mortgage, unless he has been induced by fraud to give up his debt, or it is necessary for his protection, that the two estates should be kept distinct. Nothing proven brings the case within either of these two exceptions to the general rule. While if plaintiff is not the owner of the premises, then he is a stranger to the deed, and as to him the covenant is *res inter alios acta* and there can be no estoppel, for as a general rule only the parties to a deed and those in privity with them can be bound by or take advantage of the estoppel created by a deed. Hence it was error for the court to award a judgment in favor of plaintiff for the amount of the notes.

8. It was also error for the court to grant defendants the right of subrogation. The whole evidence showed that defendants had conveyed the property subject to the mortgage, and that the deed contained no recital whereby the grantee assumed and promised to pay the mortgage indebtedness. If the grantee had assumed and agreed to pay the mortgage indebtedness, and if that indebtedness had not been extinguished by the conveyance, then upon the original mortgagors having been compelled to pay the mortgage indebtedness, they would have been entitled to be subrogated to the rights of the mortgagee, because in such case, the grantee by his contract, having assumed and agreed to pay the mortgage indebtedness, would have become primarily liable for the payment of the debt, and as between him and his grantors, the original mortgagors, he would have been the principal and they the sureties for its payment, and hence they would be only secondarily liable:

*Windle* v. *Hughes,* 40 Or. 1 (65 Pac. 1058); *Hoffman* v. *Habighorst,* 49 Or. 379, 391 (89 Pac. 952, 91 Pac. 20); *Miles* v. *Bowers,* 49 Or. 429 (90 Pac. 905); 3 Pom. Eq. Juris. (3 ed.), § 1207. But no such condition existed here. There was no assumption upon the part of the grantee of the mortgage indebtedness, and if anyone was liable for the payment of the notes and mortgage, it was the defendants who executed them, and in paying them they would have simply been paying their own debt, for which· they and they alone were primarily liable.

There are instances in which the law permits a creditor to waive his surety and sue for the recovery of his debt, but this is not one. If these notes and the mortgage had been valid and subsisting obligations, defendants having conveyed the property subject to the mortgage, would have been entitled to have the mortgage foreclosed and the land sold and the proceeds applied in payment of the indebtedness before any personal judgment could be taken against them.

For the reasons stated, the decree of the Circuit Court will be reversed and a decree directing the cancellation of the notes and of the mortgage · will be here entered.    REVERSED AND DECREE ENTERED.

BURNETT, C. J., and COSHOW and McBRIDE, JJ., concur.